**MAYER BROWN LLP**
EVAN M. TAGER (*pro hac vice* application pending)
*etager@mayerbrown.com*
ARCHIS A. PARASHARAMI (SBN 321661)
*aparasharami@mayerbrown.com*
KEVIN S. RANLETT (*pro hac vice* application pending)
*kranlett@mayerbrown.com*
1999 K Street N.W.
Washington, D.C. 20006
Telephone: (202) 263-3000
Facsimile:  (202) 263-3300

*Attorneys for Defendant AT&T Inc.*

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KATHERINE SCOTT, CAROLYN JEWEL, and GEORGE PONTIS, individually and on behalf of all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>AT&T INC.; AT&T SERVICES, INC.; AT&T MOBILITY LLC; TECHNOCOM CORP.; and ZUMIGO, INC.,<br><br>Defendants. | Case No. 19-cv-4063-JD<br><br>**NOTICE OF MOTION AND MOTION OF DEFENDANT AT&T INC. TO DISMISS FOR LACK OF PERSONAL JURISDICTION PURSUANT TO FED. R. CIV. P. 12(B)(2); MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT**<br><br>Date: December 19, 2019<br>Time: 10:00 a.m.<br>Location: Courtroom 11, 19th Floor<br><br>Judge: Hon. James Donato |

**TABLE OF CONTENTS**

**Page**

TABLE OF AUTHORITIES ..................................................................................... ii

NOTICE OF MOTION AND MOTION ....................................................................1

STATEMENT OF ISSUE PRESENTED ...................................................................1

MEMORANDUM OF POINTS AND AUTHORITIES ............................................1

I.      PRELIMINARY STATEMENT ....................................................................1

II.     FACTUAL BACKGROUND ..........................................................................2

III.    LEGAL STANDARD .....................................................................................3

IV.    ARGUMENT ..................................................................................................4

       A.     AT&T Inc. is not subject to general jurisdiction in California. .............5

       B.     AT&T Inc. is not subject to specific jurisdiction in California. .............6

             1.     AT&T Inc. did not purposefully avail itself of the privilege of conducting business in California. ............................................7

             2.     AT&T Inc. did not purposefully direct its activities toward California. .........................................................................8

             3.     Plaintiffs' claims do not arise out of or result from AT&T Inc.'s forum-related activities. .................................................9

             4.     The alleged conduct of AT&T Mobility LLC and AT&T Services, Inc. does not subject AT&T Inc. to personal jurisdiction in California. ..................................................................10

V.      CONCLUSION ..............................................................................................12

# TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*Alexander v. Circus Circus Enters., Inc.,*
    972 F.2d 261 (9th Cir. 1992) .................................................................................4

*Axiom Foods, Inc. v. Acerchem Int'l, Inc.,*
    874 F.3d 1064 (9th Cir. 2017) ...................................................................... *passim*

*Beydoun v. Wataniya Rests. Holding, Q.S.C.,*
    768 F.3d 499 (6th Cir. 2014) .................................................................................9

*BNSF Ry. Co. v. Tyrrell,*
    137 S. Ct. 1549 (2017)..........................................................................................5

*Brayton Purcell LLP v. Recordon & Recordon,*
    606 F.3d 1124 (9th Cir. 2010) .............................................................................3

*Bristol-Meyers Squibb Co. v. Super. Ct.,*
    137 S. Ct. 1773 (2017).................................................................................5, 6, 9

*Calder v. Jones,*
    465 U.S. 783 (1984)..............................................................................................8

*Chem Lab Prods., Inc. v. Stepanek,*
    554 F.2d 371 (9th Cir. 1977) ...............................................................................4

*Daimler AG v. Bauman,*
    571 U.S. 117 (2014).....................................................................................5, 6, 11

*Data Disc, Inc. v. Systems Tech. Assoc.,*
    557 F.2d 1280 (9th Cir 1977) ..............................................................................4

*Doe v. Unocal Corp.,*
    248 F.3d 915 (9th Cir. 2001) ..............................................................................11

*Drayton v. Eastlink Prods., Inc.,*
    2018 WL 5266870 (C.D. Cal. Mar. 20, 2018)......................................................9

*Ferrigno v. Philips Elecs. N. Am. Co.,*
    2010 WL 2219975 (N.D. Cal. June 1, 2010) ......................................................12

*Goodyear Dunlop Tires Operations, S.A. v. Brown,*
    564 U.S. 915 (2011)..............................................................................................6

*Hanson v. Denckla,*
    357 U.S. 235 (1958)..............................................................................................8

ii

1

2

**TABLE OF AUTHORITIES**
**(continued)**

Page(s)

3

4

*Heber v. Toyota Motor Sales U.S.A., Inc.*,
  2018 WL 3104612 (C.D. Cal., June 11, 2018) ........................................11

5

*Holland Am. Line Inc. v. Wartsila N. Am., Inc.*,
  485 F.3d 450 (9th Cir. 2007) ...............................................................10

6

7

*Hudson-Munoz, LLC v. U.S. Waffle Co.*,
  2019 WL 3548919 (N.D. Cal. Aug. 5, 2019) ..........................................9

8

9

*Int'l Shoe Co. v. Washington*,
  326 U.S. 310 (1945)...............................................................................5

10

*Keeton v. Hustler Magazine, Inc.*,
  465 U.S. 770 (1984)...............................................................................5

11

12

*Milliken v. Meyer*,
  311 U.S. 457 (1940)...............................................................................5

13

*Myers v. Bennett Law Offices*,
  238 F.3d 1068 (9th Cir. 2001) ...............................................................9

14

15

*Neilson v. Union Bank of Cal., N.A.*,
  290 F. Supp. 2d 1101 (C.D. Cal. 2003) ................................................10

16

17

*Nowak v. Tak How Invs. Ltd.*,
  94 F.3d 708 (1st Cir. 1996)....................................................................9

18

*Pebble Beach Co. v. Caddy*,
  453 F.3d 1151 (9th Cir. 2006) ...............................................................3

19

20

*Perkins v. Benguet Consol. Mining Co.*,
  342 U.S. 437 (1952)...............................................................................5

21

22

*Picot v. Weston*,
  780 F.3d 1206 (9th Cir. 2015) ...............................................................4

23

*Ranza v. Nike, Inc.*,
  793 F.3d 1059 (9th Cir. 2015) .........................................................10, 11

24

25

*Rojas v. Hamm*,
  2019 WL 3779706 (N.D. Cal. Aug. 12, 2019) ......................................11

26

27

*Schwarzenegger v. Fred Martin Motor Co.*,
  374 F.3d 797 (9th Cir. 2004) .............................................................3, 8

28

iii

# TABLE OF AUTHORITIES
### (continued)

**Page(s)**

*Scott v. Breeland*,
    792 F.2d 925 (9th Cir. 1986) ......................................................................................4

*Sher v. Johnson*,
    911 F.2d 1357 (9th Cir. 1990) ...................................................................................4

*Walden v. Fiore*,
    571 U.S. 277 (2014)...........................................................................................5, 6, 9

*Williams v. Yamaha Motor Co. Ltd.*,
    851 F.3d 1015 (9th Cir. 2017) ...........................................................................10, 11

*World-Wide Volkswagen Corp. v. Woodson*,
    444 U.S. 286 (1980)....................................................................................................6

*Yahoo! Inc. v. La Ligue Contre Le Racisme*,
    433 F.3d 1199 (9th Cir. 2006) ...................................................................................7

**Statutes and Rules**

Cal. Code Civ. Proc. § 410.10 ...............................................................................................4

Fed. R. Civ. P. 12(b)(2)...............................................................................................1, 2, 3

1

## NOTICE OF MOTION AND MOTION

PLEASE TAKE NOTICE that, on December 19, 2019, at 10:00 a.m., or as soon thereafter as counsel may be heard, before the Honorable James Donato, in Courtroom 11 of the United States District Court for the Northern District of California (San Francisco), located at 450 Golden Gate Avenue, San Francisco, California 94102, Defendant AT&T Inc. will and hereby does move for an order, pursuant to Federal Rule of Civil Procedure 12(b)(2), dismissing it from the Complaint, and this action in its entirety, as to each and all of the Plaintiffs, on the ground that the Court lacks personal jurisdiction over AT&T Inc.

This motion is supported by the accompanying Memorandum of Points and Authorities, the Declaration of Gary L. Long, any reply memorandum that AT&T Inc. may file, and such other written and oral argument as may be presented to the Court.

## STATEMENT OF ISSUE PRESENTED

Whether the claims against Defendant AT&T Inc. must be dismissed pursuant to Federal Rule of Civil Procedure 12(b)(2) because this Court lacks personal jurisdiction over AT&T Inc.

## MEMORANDUM OF POINTS AND AUTHORITIES

### I.   PRELIMINARY STATEMENT

This Court lacks personal jurisdiction over Defendant AT&T Inc.

AT&T Inc. is a holding company organized in Delaware and headquartered in Texas, and therefore is not "at home" in California—precluding this Court's exercise of general personal jurisdiction.

Nor is there specific personal jurisdiction over AT&T Inc. in California. AT&T Inc. does not transact any business with the public, in California or elsewhere. It does not own property or have employees in California. It also does not transact any business or engage in the sale or marketing of any goods or services in California.

Because AT&T Inc.'s contacts with California in general are non-existent, *a fortiori* there is no connection between the conduct of AT&T Inc. and Plaintiffs' claims. Plaintiffs allege misuse of location data generated in the course of providing their cellular service. As explained

1

elsewhere, the other AT&T defendants (AT&T Services, Inc. and AT&T Mobility LLC) deny those allegations.   In any event, however, AT&T Inc. does not own or operate any telecommunications equipment or network and provides no telecommunications services.   Thus, it does not engage in any activities relating to the location data generated in the course of providing cellular services to Plaintiffs; indeed, it does not provide cellular service at all.   Some of the companies that are owned by AT&T Inc.—including those named as co-defendants in this matter—do provide wireless telephone services.   Those subsidiary companies are distinct corporate entities from AT&T Inc., and as recent Ninth Circuit precedent underscores, the alleged conduct of those subsidiaries cannot be imputed to AT&T Inc., which is a separate corporate entity.

Because AT&T Inc. is not subject to either general or specific jurisdiction in California, this Court should grant its motion to dismiss for lack of personal jurisdiction pursuant to FED. R. CIV. P. 12(b)(2).

## II.    FACTUAL BACKGROUND

On July 16, 2019, Plaintiffs Katherine Scott, Carolyn Jewel, and George Pontis filed a putative class action lawsuit in this Court.  *See generally* Dkt. No. 1.  Plaintiffs asserted a number of claims arising out of Defendants' alleged "unauthorized sale of [their] wireless phone customers' sensitive location data."  Compl. ¶ 1.

In addition to defendants AT&T Services, Inc. and AT&T Mobility LLC, Plaintiffs named AT&T Inc. as a defendant.  Plaintiffs allege—accurately—that "AT&T Inc. is a Delaware corporation with its principal office or place of business in Dallas, Texas."  Compl. ¶ 13; *see also* Decl. of Gary L. Long ¶ 4.

But Plaintiffs' other assertions regarding AT&T Inc. are incorrect.  Plaintiffs say that "[i]t is the second largest wireless carrier in the United States, with more than 153 million subscribers … [and] 1,470 retail locations in California."  Compl. ¶ 13.  That is false: AT&T Inc. is a holding company.  It is not a wireless carrier; it does not have any "subscribers"; and it has no retail locations in California (or any other location).  Long Decl. ¶¶ 8-14.

1    Plaintiffs also mistakenly assert that "AT&T Inc. provides mobile wireless

2 telecommunication services and sells mobile wireless handsets to California consumers,

3 including Plaintiffs, through AT&T Inc. and its wholly owned subsidiaries, including Defendants

4 AT&T Services, Inc. and AT&T Mobility, LLC." Compl. ¶ 14. AT&T Inc. does not own

5 telecommunications equipment or networks and does not provide telecommunication services or

6 sell mobile wireless handsets to California consumers (or any other consumers). Long Decl.

7 ¶¶ 8-14.

8    Some of the companies that AT&T Inc. owns, including defendants AT&T Services, Inc.

9 and AT&T Mobility LLC, do provide wireless telecommunications services and sell wireless

10 handsets. Although AT&T Inc. owns all of the stock in those companies, they maintain distinct

11 corporate identities. Long Decl. ¶ 7. They have separate officers and separate offices; they

12 maintain separate books; and they pay separate taxes. *Id.* AT&T Inc. is not involved in the daily

13 operations of either AT&T Services, Inc. or AT&T Mobility LLC. *Id.* Thus, Plaintiffs' assertion

14 that AT&T Inc.—a holding company—provides wireless telecommunications services and sells

15 wireless handsets in California "through" AT&T Services, Inc. and AT&T Mobility LLC is

16 untrue; it ignores the long-standing corporate-law principle that subsidiary companies are distinct

17 from their parent corporations.

18    Finally, AT&T Inc. does not own any property in California. Long Decl. ¶ 12. It does

19 not have any employees in California. *Id.* ¶ 11. And it does not sell any goods or services or do

20 business of any kind in California. *Id.* ¶ 14.

21 **III.    LEGAL STANDARD**

22    "When personal jurisdiction is properly challenged under Rule 12(b)(2), the jurisdictional

23 question is to be resolved by the judge, with the burden on the plaintiff ultimately to prove

24 grounds for jurisdiction by a preponderance of the evidence." *Pebble Beach Co. v. Caddy*, 453

25 F.3d 1151, 1154 (9th Cir. 2006); *see also, e.g.*, *Brayton Purcell LLP v. Recordon & Recordon*,

26 606 F.3d 1124, 1127 (9th Cir. 2010) (similar); *Schwarzenegger v. Fred Martin Motor Co.*, 374

27 F.3d 797, 800 (9th Cir. 2004) (affirming dismissal for lack of personal jurisdiction and

28

3

explaining that "[t]he plaintiff bears the burden of demonstrating that personal jurisdiction is appropriate").

Moreover, when, as here, the defendant submits evidence controverting the allegations in the complaint, the plaintiff may not rely on the pleadings, but must "come forward with facts, by affidavit or otherwise, supporting personal jurisdiction." *Scott v. Breeland*, 792 F.2d 925, 927 (9th Cir. 1986) (quotation marks omitted); *see also, e.g.*, *Picot v. Weston*, 780 F.3d 1206, 1209 n.1 (9th Cir. 2015) (the court "may not assume the truth of allegations in a pleading which are contradicted by affidavit"; affirming dismissal for lack of personal jurisdiction); *Alexander v. Circus Circus Enters., Inc.*, 972 F.2d 261, 262 (9th Cir. 1992) ("for purposes of personal jurisdiction, we may not assume the truth of allegations in a pleading which are contradicted by affidavit") (citation omitted); *Chem Lab Prods., Inc. v. Stepanek*, 554 F.2d 371, 372 (9th Cir. 1977) ("The mere allegations of a complaint, when contradicted by affidavits, are not enough to confer personal jurisdiction over a non-resident defendant.") (quotation marks omitted).

## IV.    ARGUMENT

"There are two limitations on a court's power to exercise personal jurisdiction over a nonresident defendant: the applicable state personal jurisdiction rule and constitutional principles of due process." *Sher v. Johnson*, 911 F.2d 1357, 1360 (9th Cir. 1990) (citing *Data Disc, Inc. v. Systems Tech. Assoc.*, 557 F.2d 1280, 1286 (9th Cir 1977)).  "California's personal jurisdiction rule reads: 'A court of this state may exercise jurisdiction on any basis not inconsistent with the Constitution of this state or of the United States.'" *Sher*, 911 F.2d at 1360-61 (quoting Cal. Code Civ. Proc. § 410.10).  "This statutory limitation is 'coextensive with the outer limits of due process under the state and federal constitutions, as those limits have been defined by the United States Supreme Court.'" *Sher*, 911 F.2d at 1361 (citing *Data Disc*, 557 F.2d at 1286 (quotation marks omitted)).  Accordingly, "the jurisdictional analyses under California state law and federal due process are the same," and this Court may examine personal jurisdiction by looking solely to the due process analysis.  *Axiom Foods, Inc. v. Acerchem Int'l, Inc.*, 874 F.3d 1064, 1067 (9th Cir. 2017) (alterations and quotation marks omitted).

A court may exercise personal jurisdiction over a defendant consistent with due process only if that defendant has "certain minimum contacts" with the relevant forum "such that the maintenance of the suit does not offend 'traditional notions of fair play and substantial justice.'" *Int'l Shoe Co. v. Washington*, 326 U.S. 310, 316 (1945) (quoting *Milliken v. Meyer*, 311 U.S. 457, 463 (1940)).

There are two types of personal jurisdiction: general and specific. A court may assert general, or "all-purpose," personal jurisdiction only where a company is "essentially at home" in the forum State. *BNSF Ry. Co. v. Tyrrell*, 137 S. Ct. 1549, 1558 (2017) (quoting *Daimler AG v. Bauman*, 571 U.S. 117, 127 (2014)). A court may assert specific, or "case-linked," personal jurisdiction only when the defendant's "***suit-related*** conduct" creates "a substantial connection with the forum State." *Walden v. Fiore*, 571 U.S. 277, 283-84 & n.6 (2014) (emphasis added); *accord Bristol-Meyers Squibb Co. v. Super. Ct.*, 137 S. Ct. 1773, 1780 (2017).

## A. AT&T Inc. is not subject to general jurisdiction in California.

AT&T Inc. is not subject to general jurisdiction in California because it is not "essentially at home" there. *Daimler*, 571 U.S. at 127. The Supreme Court's decision in *Daimler* made clear that the jurisdictions in which a corporate defendant is subject to general jurisdiction are in virtually all cases limited to the defendant's "place of incorporation" and its "principal place of business." *Id.* at 137. A corporation can be considered at home elsewhere only in a truly "exceptional case," such as when its *de facto* principal place of business and its formal headquarters are temporarily in different locations. *Id.* at 129-30 & n.8 (citing *Perkins v. Benguet Consol. Mining Co.*, 342 U.S. 437 (1952)).[1]

Here, Plaintiffs do not allege that AT&T Inc. is incorporated in or has its principal place of business in California. On the contrary, the complaint recognizes that AT&T Inc.'s principal place of business is in Texas and that it is incorporated in Delaware. Compl. ¶ 13; Long Decl.

---

[1]     *Perkins* is the only case in which the Supreme Court has found general personal jurisdiction over a non-resident defendant. There, a Philippine corporation was temporarily relocated to Ohio while the Japanese occupied the Philippines during World War II. 342 U.S. at 447. During that time, "Ohio was the corporation's principal, if temporary, place of business." *Keeton v. Hustler Magazine, Inc.*, 465 U.S. 770, 779 n.11 (1984) (describing facts of *Perkins*).

5

¶ 4.  Under *Daimler*, those are the only two forums in which AT&T Inc. is subject to general personal jurisdiction.

### B.    AT&T Inc. is not subject to specific jurisdiction in California.

To exercise specific jurisdiction over a defendant, a court must conclude that the defendant's "suit-related conduct" creates a substantial connection with the forum State. *Walden*, 571 U.S. at 284.  As the Supreme Court has recently underscored, specific jurisdiction requires more than "general connections with the forum"; rather, "the *suit* must arise out of or relate to the defendant's contacts with the *forum*."  *Bristol-Myers Squibb*, 137 S. Ct. at 1780-81 (quotation marks omitted).  That is, the court must find a substantial relationship between the forum, the defendant, and the particular plaintiff's claim, so that it is "reasonable" to force the defendant into that court to defend against that claim.  *World-Wide Volkswagen Corp. v. Woodson*, 444 U.S. 286, 292 (1980); *see also, e.g.*, *Goodyear Dunlop Tires Operations, S.A. v. Brown*, 564 U.S. 915, 919 (2011) (specific jurisdiction "depends on an affiliation between the forum and the underlying controversy," and a court asserting specific jurisdiction therefore is "confined to adjudication of issues deriving from, or connected with, the very controversy that establishes jurisdiction").

As the Ninth Circuit recently summarized, "[t]wo principles animate the 'defendant-focused' inquiry.  First, the relationship between the nonresident defendant, the forum, and the litigation must arise out of contacts that the defendant *himself* creates with the forum State.  Second, the minimum contacts analysis examines the defendant's contacts with the forum State itself, not the defendant's contacts with persons who reside there.  It follows that a defendant's relationship with a plaintiff or third party, standing alone, is an insufficient basis for jurisdiction." *Axiom Foods*, 874 F.3d at 1068 (quotation marks and citations omitted).

Relying on *Bristol-Myers Squibb* and *Walden*, the Ninth Circuit has adopted a three-pronged test for determining whether a court may exercise specific personal jurisdiction over a defendant consistent with due process:

(1)     The non-resident defendant must purposefully direct his activities or consummate some transaction with the forum or resident thereof; or perform some act by which he purposefully avails himself of the privilege of conducting activities in the forum, thereby invoking the benefits and protections of its laws;

(2)     the claim must be one which arises out of or relates to the defendant's forum-related activities; *and*

(3)     the exercise of jurisdiction must comport with fair play and substantial justice, *i.e.* it must be reasonable.

*Axiom Foods*, 874 F.3d at 1068 (emphasis added).

The purposeful-availment and purposeful-direction elements of the first prong of this test "are, in fact, two distinct concepts." *Id.*  "A purposeful availment analysis is most often used in suits sounding in contract."  *Id.*  By contrast, "[i]n tort cases, [the court] typically inquire[s] whether a defendant purposefully direct[ed] his activities at the forum state, applying an effects test that focuses on the forum in which the defendant's actions were felt, whether or not the actions themselves occurred within the forum." *Yahoo! Inc. v. La Ligue Contre Le Racisme*, 433 F.3d 1199, 1206 (9th Cir. 2006).  Although Plaintiffs' claims primarily sound in tort (*see Axiom*, 874 F.3d 1064 (treating statutory claim as intentional tort for personal jurisdiction purposes)), we address both the purposeful-availment and the purposeful-direction tests below.

The plaintiff bears the burden of satisfying the first two prongs of the three-part test set forth above.  *Yahoo! Inc.*, 433 F.3d at 1206.  If the plaintiff fails to satisfy either of these prongs, personal jurisdiction is not established.  *Id.*  And as we next discuss, Plaintiffs cannot meet their burden on either of the first two prongs (rendering the third moot).

### 1.     AT&T Inc. did not purposefully avail itself of the privilege of conducting business in California.

Under the purposeful-availment element of the first prong, "[a] showing that a defendant purposefully availed himself of the privilege of doing business in a forum state typically consists of evidence of the defendant's actions in the forum, such as executing or performing a contract

7

there." *Schwarzenegger*, 374 F.3d at 802.  "By taking such actions, a defendant 'purposefully avails itself of the privilege of conducting activities within the forum State, thus invoking the benefits and protections of its laws.'" *Id.* (quoting *Hanson v. Denckla*, 357 U.S. 235, 253 (1958)).  "In return for these 'benefits and protections,' a defendant must—as a quid pro quo— 'submit to the burdens of litigation in that forum.'" *Id.* (quoting *Burger King*, 471 U.S. at 476).

Plaintiffs cannot satisfy this test—even assuming it were applicable—because AT&T Inc. has not done anything that would invoke the benefits and protections of California law.  It is not licensed to do business, and does not do business, in the State.  Long Decl. ¶¶ 8-14.  In particular, it has not sold any goods or services or entered into any contracts to provide goods or services—including wireless telecommunications services or handsets—in California (or anywhere else).  *Id.* ¶¶ 10-14.  And it is a holding company that does not engage in any activities besides owning the stock of other companies.  *Id.* ¶¶ 5, 8.

### 2.    AT&T Inc. did not purposefully direct its activities toward California.

For Plaintiffs to prove that AT&T Inc. purposefully directed its activities towards California, they must satisfy the three-part "effects" test derived from *Calder v. Jones*, 465 U.S. 783 (1984).  Under the effects test, Plaintiffs must prove that AT&T Inc. "(1) committed an intentional act, (2) expressly aimed at the forum state, (3) causing harm that the defendant knows is likely to be suffered in the forum state."  *Axiom Foods*, 874 F.3d at 1069 (internal quotation marks omitted).

Plaintiffs cannot satisfy this test because they cannot show that AT&T Inc. committed *any* intentional act—much less one aimed at California and that caused harm there.  In particular, AT&T Inc. did not sell any goods or services—including wireless telecommunication handsets or services—to any members of the public anywhere.  Long Decl. ¶¶ 8-14.  AT&T Inc. is merely a holding company that does not engage in any activities besides owning the stock of other companies.  *Id.* ¶¶ 5, 8.

3. **Plaintiffs' claims do not arise out of or result from AT&T Inc.'s forum-related activities.**

Under Ninth Circuit precedent, a plaintiff's claims "arise out of" the defendant's alleged contacts if "'but for' the defendants' forum-related conduct, the injury would not have occurred." *Drayton v. Eastlink Prods., Inc.*, 2018 WL 5266870, at *7 (C.D. Cal. Mar. 20, 2018) (granting motion to dismiss for lack of personal jurisdiction) (citing *Myers v. Bennett Law Offices*, 238 F.3d 1068, 1075 (9th Cir. 2001)).[2]  To satisfy the "but-for" test, a plaintiff "first must present evidence that [the defendant] acted in California." *Hudson-Munoz, LLC v. U.S. Waffle Co.*, 2019 WL 3548919, at *4 (N.D. Cal. Aug. 5, 2019).

Because, for all of the reasons above, Plaintiffs have not proved that AT&T Inc. either purposefully availed itself of the privileges of conducting business in California or purposefully directed ***any*** intentional act towards California, they necessarily have not proved that their claims arise out of and relate to AT&T Inc.'s (non-existent) contacts with California.

Specifically, Plaintiffs' claims here relate to alleged misuse of location data generated in the course of providing them with wireless telecommunications services.  AT&T Inc. does not provide wireless telecommunications services in California (or anywhere).  None of AT&T Inc.'s actions in California are a cause of Plaintiffs' alleged injuries—under any standard for causation—for the simple reason that Plaintiffs have not pleaded any actions that AT&T Inc. took in California at all.

---

[2]      We note that the Ninth Circuit adopted this but-for causation standard before *Bristol-Myers Squibb* and *Walden*, which reinforce that a "defendant's suit-related conduct must create a **substantial connection** with the forum State." *Walden*, 571 U.S. at 284 (emphasis added); *see also Bristol-Myers Squibb*, 137 S. Ct. at 1781 ("What is needed—and what is missing here—is a connection between the forum and the specific claims at issue.").  We submit that a "substantial connection" requires more than a but-for causal relationship between the challenged conduct and the plaintiff's claim, and instead requires a closer relationship such as one resembling proximate causation. *See, e.g., Beydoun v. Wataniya Rests. Holding, Q.S.C.*, 768 F.3d 499, 507-08 (6th Cir. 2014); *Nowak v. Tak How Invs. Ltd.*, 94 F.3d 708, 715 (1st Cir. 1996).  The issue should be academic here, however, because Plaintiffs cannot satisfy any causation test for the reasons discussed in this section.

1        **4.      The alleged conduct of AT&T Mobility LLC and AT&T Services, Inc.**

2              **does not subject AT&T Inc. to personal jurisdiction in California.**

3        "'It is well established that, as a general rule, where a parent and a subsidiary are separate

4   and distinct corporate entities, the presence of one … in a forum state may not be attributed to

5   the other.'"  *Axiom Foods*, 874 F.3d at 1071 (quoting *Holland Am. Line Inc. v. Wartsila N. Am.,*

6   *Inc.*, 485 F.3d 450, 459 (9th Cir. 2007)).  California law permits a court to impute the contacts of

7   a subsidiary to a non-resident parent corporation for personal jurisdiction purposes only if the

8   parent so completely controls the subsidiary that the subsidiary is effectively the alter ego of the

9   parent corporation.  *See Williams v. Yamaha Motor Co. Ltd.*, 851 F.3d 1015, 1021 (9th Cir.

10  2017) ("the alter ego test may be used to extend personal jurisdiction to a foreign parent or

11  subsidiary when, in actuality, the foreign entity is not really separate from its domestic

12  affiliate"); *see also Ranza v. Nike, Inc.*, 793 F.3d 1059, 1073 (9th Cir. 2015) (similar).  To

13  determine whether a subsidiary is an alter ego under California law, this Court must consider

14  whether: "(1) there is such unity of interest and ownership that the separate personalities of the

15  two entities no longer exist and (2) [] failure to disregard their separate identities would result in

16  fraud or injustice."  *Williams*, 851 F.3d at 1021.  "Conclusory allegations of 'alter ego' status are

17  insufficient to state a claim.  Rather, a plaintiff must allege specifically both of the elements of

18  alter ego liability, as well as facts supporting each."  *Neilson v. Union Bank of Cal., N.A.*, 290 F.

19  Supp. 2d 1101, 1116 (C.D. Cal. 2003) (granting motion to dismiss for lack of personal

20  jurisdiction).

21        The first prong of the alter-ego test "requires a showing that the parent controls the

22  subsidiary to such a degree as to render the latter a mere instrumentality of the former."  *Ranza*,

23  793 F.3d at 1073.  This "envisions pervasive control over the subsidiary, such as when a parent

24  corporation dictates every facet of the subsidiary's business—from broad policy decisions to

25  routine matters of day-to-day operation."  *Id.*

26        Plaintiffs do not—and could not—show that AT&T Inc. exercises the type of "pervasive

27  control" over its subsidiaries that would justify treating them as its alter egos for purposes of

28

1    personal jurisdiction.  Indeed, Plaintiffs do not allege any facts addressing the relationship

2    between AT&T Inc. and its subsidiaries.  In any event, AT&T Inc. has submitted evidence

3    proving that it maintains a separate corporate identify from its subsidiaries.  "It has different

4    officers than its subsidiaries; maintains separate books from its subsidiaries; pays taxes

5    separately from its subsidiaries; and is not involved in the day-to-day operation of its

6    subsidiaries."  Long Decl. ¶ 7.

7        Courts regularly reject allegations of alter ego personal jurisdiction based on similar

8    facts.  *See, e.g.*, *Ranza*, 793 F.3d at 1075 (holding that there was no personal jurisdiction and no

9    alter-ego relationship where parent and subsidiary, *inter alia*, "maintain[] [their] own accounting

10   books and records […] and pay[] [their] own taxes"); *Doe v. Unocal Corp.*, 248 F.3d 915, 926-

11   27 (9th Cir. 2001) (holding that there was no personal jurisdiction and no alter-ego relationship

12   because, *inter alia*, "Plaintiffs present no evidence that Total is involved in the day-to-day

13   operations of its sub-subsidiaries"), *abrogated on other grounds by Daimler*, 571 U.S. 117;

14   *Heber v. Toyota Motor Sales U.S.A., Inc.*, 2018 WL 3104612, at *2 (C.D. Cal., June 11, 2018)

15   (holding that there was no personal jurisdiction and no alter-ego relationship where parent and

16   subsidiary, *inter alia*, maintained separate "corporate books and financial records"; filed separate

17   tax returns; and did not share employees).

18       Because Plaintiffs cannot satisfy the first prong of the alter-ego test, the Court need not

19   consider the second prong.  *See Doe*, 248 F.3d at 928 ("Because Total and its subsidiaries

20   observe all of the corporate formalities necessary to maintain corporate separateness, the first

21   prong of the alter ego test is not satisfied, and the Court need not consider the equities").  But in

22   all events, Plaintiffs cannot show any "injustice" (*Williams*, 851 F.3d at 1021) that would result

23   from respecting the corporate separateness between AT&T Inc. and its subsidiaries.  Courts have

24   found this prong satisfied only "when the dismissal of the foreign defendant would result in the

25   denial of an adequate remedy."  *Rojas v. Hamm*, 2019 WL 3779706, at *10 (N.D. Cal. Aug. 12,

26   2019) (collecting cases).  While the other AT&T defendants strongly deny Plaintiffs' allegations,

27   the fact that Plaintiffs are pursuing claims against those defendants undermines any possible

28

suggestion that dismissal of AT&T Inc. for lack of personal jurisdiction would deprive Plaintiffs of an "adequate remedy." *See, e.g.*, *Ferrigno v. Philips Elecs. N. Am. Co.*, 2010 WL 2219975, at *4 (N.D. Cal. June 1, 2010) (concluding that no injustice would result from dismissal of foreign defendants for lack of personal jurisdiction because domestic defendants had appeared and defended the action).

**V.      CONCLUSION**

The Court should dismiss all claims against AT&T Inc. for lack of personal jurisdiction.

Dated: September 11, 2019                                **MAYER BROWN LLP**


                                                         By:/s/ Archis A. Parasharami
                                                         Evan M. Tager
                                                         Archis A. Parasharami
                                                         Kevin S. Ranlett


                                                         *Attorneys for Defendant*
                                                         *AT&T Inc.*