K. Lee Marshall, California Bar No. 277092
Daniel T. Rockey, California Bar No. 178604
Helen Looney, California Bar No. 324725
**BRYAN CAVE LEIGHTON PAISNER LLP**
Three Embarcadero Center, 7th Floor
San Francisco, CA  94111-4070
E-Mail: klmarshall@bclplaw.com
          daniel.rockey@bclplaw.com
          helen.looney@bclplaw.com

Attorneys for Defendants
ZUMIGO, INC.

UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO/OAKLAND DIVISION

| | |
|---|---|
| KATHERINE SCOTT, CAROLYN JEWEL, and GEORGE PONTIS, individually and on behalf of all others similarly situated, <br><br> Plaintiffs, <br><br> v. <br><br> AT&T INC.; AT&T SERVICES,INC.; AT&T MOBILITY, LLC; TECHNOCOM CORP.; and ZUMIGO, INC <br><br> Defendants. | Case No. 19-cv-04063-JD <br><br> **DEFENDANT ZUMIGO, INC.'S NOTICE OF MOTION AND MOTION TO DISMISS CLASS ACTION COMPLAINT (FED. R. CIV. P. 12(B)(1) & 12(B)(6)) AND MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT** <br><br> Date:            December 19, 2019 <br> Time:            10:00 a.m. <br> Courtroom:  11 <br> Judge:          Hon. James Donato <br> Date Action Filed:   July 16, 2019 <br> Trial Date:     Not set |

BRYAN CAVE LEIGHTON PAISNER LLP
THREE EMBARCADERO CENTER, 7TH FLOOR
SAN FRANCISCO, CA  94111-4070

1  **TO THE CLERK OF THE COURT, ALL PARTIES, AND THEIR COUNSEL OF**

2  **RECORD, PLEASE TAKE NOTICE THAT:**

3  On December 19, 2019, or as soon thereafter as the matter may be heard before the

4  Honorable James Donato in the United States District Court for the Northern District of

5  California, Courtroom 11, 19th Floor of the United States Courthouse at 450 Golden Gate Avenue,

6  San Francisco, California, Defendant Zumigo, Inc. ("Zumigo") will and hereby does move the

7  Court to dismiss the action against it pursuant to Rules 12(b)(1) and 12(b)(6) of the Federal Rules

8  of Civil Procedure.

9  Zumigo moves pursuant to Rule 12(b)(1) on the grounds that the Court lacks jurisdiction

10 over the subject matter of the action against Zumigo because the Plaintiffs have failed to establish

11 that they have standing under Article III of the United Stated Constitution.  Zumigo brings this

12 motion as a "facial" challenge to the Class Action Complaint filed by Plaintiffs on the basis of the

13 Class Action Complaint and documents incorporated therein by reference (and which are the

14 subject of Zumigo's request for judicial notice).

15 Zumigo also moves, in the alternative, pursuant to Rule 12(b)(6), on the grounds that the

16 Complaint fails to state a cause of action upon which relief may be granted because Plaintiffs fail

17 to allege any facts indicating that Zumigo accessed Plaintiffs' location data or caused them any

18 injury, and therefore have failed to allege either any invasion of a protected right or any injury

19 traceable to Zumigo.

20 Zumigo's motions will be and are based upon this Notice of Motion and Motion, the

21 accompanying Memorandum of Points and Authorities, the Declaration of Helen Looney and

22 Request for Judicial Notice, the pleadings and papers filed herein, and the argument of counsel at

23 the time of the hearing.

24 **BRYAN CAVE  LEIGHTON PAISNER LLP**

25 Dated:  September 11, 2019

26 By:  /s/ Daniel Rockey

27 Daniel Rockey
   Attorneys for Defendant

28 ZUMIGO, INC

BRYAN CAVE LEIGHTON PAISNER LLP
THREE EMBARCADERO CENTER, 7TH FLOOR
SAN FRANCISCO, CA  94111-4070

DEFENDANT ZUMIGO, INC.'S MOT. TO DISMISS CLASS ACTION COMPLAINT AND MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT

# TABLE OF CONTENTS

Page

I.    INTRODUCTION ............................................................................................................ 1

II.   BACKGROUND ............................................................................................................. 3

    A.    Allegations Regarding Zumigo .......................................................................... 3

    B.    Plaintiffs' Claims Against Zumigo ..................................................................... 4

    C.    The January 2019 Motherboard Article .............................................................. 5

III.  ARGUMENT ................................................................................................................... 7

    A.    Legal Standards Governing Zumigo's Motion ................................................... 7

        1.    In the Absence of a Concrete and Particularized Injury to Scott, Jewel or Pontis, this Court Lacks Subject Matter Jurisdiction over their Claims ...................................................................................................... 7

        2.    On A Rule 12(b)(6) Motion, the Court Must Assume the Truth of Plaintiffs' Allegations, But Need Not Credit Legal Conclusions and May Consider Materials Referenced in the Complaint .............................. 10

    B.    Plaintiffs Have Failed to Allege that Zumigo Accessed Their Location Data or Has Any Connection to Plaintiffs at All, and Therefore Lack Standing to Maintain their Claims ................................................................................... 10

    C.    Plaintiffs Fail to Allege that Zumigo Accessed Their Location Data and Therefore Fail to Allege the Essential Elements of their Claims ........................... 14

IV.   CONCLUSION .............................................................................................................. 16

BRYAN CAVE LEIGHTON PAISNER LLP
THREE EMBARCADERO CENTER, 7TH FLOOR
SAN FRANCISCO, CA 94111-4070

1

## **<u>TABLE OF AUTHORITIES</u>**

2

**Page(s)**

3

**Cases**

4

*Allen v. Wright,*
5     468 U.S. 737 (1984) ............................................................................................... 9

6

*Ashcroft v. Iqbal,*
     129 S.Ct. 1937 (2009) .......................................................................................... 10
7

8

*Augustine v. U.S.,*
     704 F.2d 1074 (9th Cir. 1983) .............................................................................. 7

9

*Baugh v. CBS, Inc.,*
10     828 F. Supp. 745 (N.D. Cal. 1993) ...................................................................... 15

11

*Bell Atl. Corp. v. Twombly,*
     550 U.S. 544 (2007) ............................................................................................. 10
12

13

*Birdsong v. Apple, Inc.*
     (9th Cir. 2009) 590 F.3d 955 ............................................................................... 11

14

*Brooks v. Citibank (S. Dakota), N.A.,*
15     345 F. App'x 260 (9th Cir. 2009) ........................................................................ 10

16

*Brownmark Films, LLC v. Comedy Partners,*
     682 F3d 687 (7th Cir. 2012) ................................................................................ 10
17

18

*In re Capacitors Antitrust Litigation,*
     154 F.Supp.3d 918 (N.D. Cal. 2015) ................................................................... 14

19

*Center for Biological Diversity, Inc. v. BP America Production Co.*
20     (5th Cir. 2013) 704 F3d 413 .................................................................................. 8

21

*Cetacean Community v. Bush,*
     386 F.3d 1169 (9th Cir. 2004) ............................................................................... 7
22

23

*Chapman v. Pier 1 Imports Inc.,*
     631 F.3d 939 (9th Cir.2011) ................................................................................ 11

24

*Coalition for a Sustainable Delta v. F.E.M.A.,*
25     711 F.Supp.2d 1152 (E.D. Cal. 2010) ................................................................... 8

26

*Courthouse News Serv. v. Planet,*
     750 F.3d 776 (9th Cir. 2014) ................................................................................. 8
27

28

*DaimlerChrysler Corp. v. Cuno,*
     547 U.S. 332, 126 S.Ct. 1854, 164 L.Ed.2d 589 (2006) ....................................... 8

ii

BRYAN CAVE LEIGHTON PAISNER LLP
THREE EMBARCADERO CENTER, 7TH FLOOR
SAN FRANCISCO, CA 94111-4070

*Hill v. National Collegiate Athletic Ass'n,*
    7 Cal. 4th 1 .................................................................................................. 16

*Holden v. Hagopian,*
    978 F.2d 1115 (9th Cir. 1992) ..................................................................... 10

*In re iPhone Application Litigation,*
    No. 11-MD-02250-LHK, 2011 WL 4403963 (N.D. Cal. Sept. 20, 2011) ...................... 12, 13

*Kokkonen v. Guardian Life Ins. Co. of Am.,*
    511 U.S. 375, 114 S. Ct. 1673, 128 L. Ed. 2d 391 (1994) ........................................ 8

*Lacano Investments, LLC v. Balash,*
    765 F.3d 1068 (9th Cir. 2014) ..................................................................... 12

*LaCourt v. Specific Media, Inc.,*
    No. 10–cv–1256, 2011 WL 1661532 (C.D.Cal. Apr. 28, 2011) ............................... 11

*Lewis v. Casey,*
    518 U.S. 343, 116 S.Ct. 2174, 135 L.Ed.2d 606 (1996) ....................................... 8

*Lierboe v. State Farm Mut. Auto. Ins. Co.,*
    350 F.3d 1018 (9th Cir. 2003) ..................................................................... 14

*Lujan v. Defenders of Wildlife,*
    504 U.S. 555 (1992) .................................................................... 7, 8, 9, 11

*Maya v. Centex Corp.,*
    658 F.3d 1060 (9th Cir. 2011) ...................................................................... 9

*Moss v. U.S. Secret Service,*
    572 F.3d 962 (9th Cir. 2009) ....................................................................... 9

*O'Bryan v. Holy,*
    556 F3d 361 (6th Cir. 2009) ....................................................................... 12

*Opperman v. Path, Inc.,*
    205 F. Supp. 3d 1064 (N.D. Cal. 2016) ........................................................... 15

*Oregon v. Legal Servs. Corp.,*
    552 F.3d 965 (9th Cir. 2009) ....................................................................... 8

*Pension Benefit Guar. Corp. v. White Consolidated Industries, Inc.,*
    998 F2d 1192 (3rd Cir. 1993) ..................................................................... 10

*Pirozzi v. Apple Inc,*
    913 F.Supp. 2d 840 .................................................................................. 13

*Ricks v. Beta Dev. Co.,*
    92 F.3d 1193 (9th Cir. 1996) ....................................................................... 9

BRYAN CAVE LEIGHTON PAISNER LLP
THREE EMBARCADERO CENTER, 7TH FLOOR
SAN FRANCISCO, CA   94111-4070

DEFENDANT ZUMIGO, INC.'S MOT. TO DISMISS CLASS ACTION COMPLAINT AND MEMORANDUM OF
POINTS AND AUTHORITIES IN SUPPORT

BRYAN CAVE LEIGHTON PAISNER LLP
THREE EMBARCADERO CENTER, 7TH FLOOR
SAN FRANCISCO, CA 94111-4070

*Schmier v. U.S. Court of Appeals for Ninth Circuit,*
    279 F.3d 817 (9th Cir. 2002) .................................................................. 14

*Simon v. Eastern Kentucky Welfare Rights Organization,*
    426 U.S. 26 (1976) ................................................................... 7, 8, 14

*Spokeo, Inc. v. Robins,*
    136 S. Ct. 1540 (2016), *as revised* (May 24, 2016) ........................... 8, 14

*Sprewell v. Golden State Warriors,*
    266 F.3d 979 (9th Cir. 2001),
    *opinion amended on denial of reh'g* (9th Cir. 2001) 275 F.3d 1187 ................................. 7, 10

*Steel Co. v. Citizens for a Better Environment,*
    523 U.S. 83, 118 S.Ct. 1003, 140 L.Ed.2d 210 (1998) ....................................... 7, 14

*Tellabs, Inc. v. Makor Issues & Rights, Ltd.,*
    551 U.S. 308 (2007) ................................................................... 7, 10

*Warren v. Fox Family Worldwide, Inc.*
    (9th Cir. 2003) 328 F3d 1136 .............................................................. 8

*Warth v. Seldin,*
    422 U.S. 490 (1975) .......................................................................... 8

*Williams v. Facebook, Inc.,*
    384 F. Supp. 3d 1043 (N.D. Cal. 2018) .............................................. 14

**Rules**

Fed. R. Civ. P.  Rule 8(a)(1) ............................................................... 8

Fed. R. Civ. P. Rule 12(b)(1) ................................................... *passim*

Fed. R. Civ. P.  Rule 12(b)(6) ............................................... 10, 15, 16

BRYAN CAVE LEIGHTON PAISNER LLP
THREE EMBARCADERO CENTER, 7TH FLOOR
SAN FRANCISCO, CA 94111-4070

## I.   INTRODUCTION

Plaintiffs Katherine Scott, Carolyn Jewel, and George Pontis ("Plaintiffs"), California residents and subscribers to AT&T's wireless service, bring a putative class action lawsuit alleging that AT&T unlawfully sold the location data of AT&T subscribers.  Plaintiffs seek to represent a class consisting of AT&T wireless subscribers residing in California whose "carrier-level location data AT&T permitted to be used or accessed by third parties without proper authorization."[1]   In addition to naming several AT&T entities,[2] Plaintiffs also name two so-called "Aggregator Defendants" -- Zumigo, Inc. ("Zumigo") and Technocom Corp. ("LocationSmart") – which, they allege, were used by AT&T to "manage the buying and selling of its customers' real-time location data."[3]   Although Plaintiffs assert six causes of action, including both statutory and common law claims, only two – a claim for Intrusion Upon Seclusion and for violation of the California Constitutional Right of Privacy – are asserted against Zumigo.

Zumigo moves to dismiss the Complaint pursuant to Federal Rule of Civil Procedure 12(b)(1) on the grounds that Plaintiffs Scott, Jewel and Pontis lack Article III standing to assert any claim against Zumigo.  Although Plaintiffs' Complaint is peppered throughout with conclusory, broad brush assertions that "Defendants," collectively, access class members' location data without "proper" consent, Plaintiffs allege no actual *facts* indicating that Zumigo ever accessed Plaintiffs' location data or, indeed, *has any connection to Plaintiffs at all*.  Plaintiffs' claims against Zumigo are premised entirely upon a January 8, 2019 article published by online magazine, Motherboard, entitled "I Gave a Bounty Hunter $300. Then He Located Our Phone."[4] The author of that article writes that he paid a bail bondsman to locate the phone of an acquaintance and that the location request was communicated through Microbilt Corporation, a Zumigo customer.  Plaintiffs do not, however, allege that the phone whose location was allegedly accessed for the article belonged to either of the named Plaintiffs.  And the very same article

---

[1] Class Action Complaint ("Complaint"), ¶276.
[2] Plaintiffs name multiple AT&T entities as defendants, including AT&T Inc., AT&T Services, Inc. and AT&T Mobility, LLC (hereafter referred to collectively as "AT&T").
[3] Complaint, ¶18.
[4] *See* Declaration of Helen Looney and Request for Judicial Notice ("RJN"), Ex. 1 (also available at https://www.vice.com/en_us/article/nepxbz/i-gave-a-bounty-hunter-300-dollars-located-phone-microbilt-zumigo-tmobile).

600682460.4                                                     1
DEFENDANT ZUMIGO, INC.'S MOT. TO DISMISS CLASS ACTION COMPLAINT AND MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT

1  unequivocally makes clear that the individual whose location was allegedly accessed was a ***T-***

2  ***Mobile subscriber*** – not an AT&T subscriber.  In the absence of any other facts from which it

3  could be inferred that Zumigo ever accessed Plaintiffs' own location data, or any effort at all to

4  trace any alleged injury to Scott, Jewel or Pontis to Zumigo, Plaintiffs have failed to meet their

5  burden of alleging an injury-in-fact traceable to Zumigo.  The law is clear that to establish

6  standing Plaintiffs must allege an injury-in-fact that is concrete and particular ***to themselves***, and

7  cannot rely upon an allegation that unnamed class members not before the Court may have had

8  their data accessed without their consent.  In the absence of any such allegations, this Court lacks

9  subject matter jurisdiction over Plaintiffs' claims and those claims must be dismissed.

10        This Court can and should dismiss Plaintiffs' claims against Zumigo under Rule 12(b)(1).

11  In order to avoid waiver, however, Zumigo also moves, in the alternative, to dismiss pursuant to

12  12(b)(6) for essentially the same reasons.  Plaintiffs' failure to allege facts indicating that Zumigo

13  ever accessed their data or took any other action or inaction which caused them harm is equally

14  fatal to their claims for Intrusion Upon Seclusion and for violation of the right of privacy.  If, as

15  Plaintiffs implicitly concede, Zumigo never accessed their data, they could not possibly have

16  suffered an intrusion into their seclusion or invasion of their privacy at the hands of Zumigo.

17  Plaintiffs also fail to state the essential elements of their claims and those claims must be

18  dismissed.

19        Plaintiffs' Scott, Jewel, and Pontis complain loudly here about the sale of location data by

20  Zumigo, which they view as undesirable or in some way improper.   But Plaintiffs critically fail to

21  allege ***any facts*** showing that Zumigo's alleged actions have impacted or touched them in any

22  way.  In the absence of such facts, Plaintiffs are nothing more than purportedly concerned

23  bystanders, with no greater interest at stake in the litigation than any member of the general public.

24  The Complaint therefore presents no case or controversy subject to this Court's jurisdiction and

25  their claims must be dismissed.

26

27

28

BRYAN CAVE LEIGHTON PAISNER LLP
THREE EMBARCADERO CENTER, 7TH FLOOR
SAN FRANCISCO, CA  94111-4070

BRYAN CAVE LEIGHTON PAISNER LLP
THREE EMBARCADERO CENTER, 7TH FLOOR
SAN FRANCISCO, CA 94111-4070

## II.   BACKGROUND

### A.   Allegations Regarding Zumigo

Plaintiffs Scott, Jewel and Pontis allege that "AT&T has been allowing unauthorized access to its customers' precise, real-time location data to thousands of third parties for years." Complaint, ¶4.  Plaintiffs further allege that "AT&T works with location data aggregator companies which specialize in the commercial sale of location data … [and] uses these aggregators, including Aggregator Defendants LocationSmart and Zumigo, to manage the sale of its data to thousands of entities—including bail bondsmen, bounty hunters, and prison officials—who routinely access and use the data without customer knowledge or consent, and without any emergency 911 basis."  Complaint, ¶4.

Although the Complaint is replete with conclusory allegations that "defendants," collectively, have engaged in the sale of location data, the only factual allegations alleging any conduct **by Zumigo** are premised upon a January 2019 Motherboard article entitled "I Gave a Bounty Hunter $300. Then He Located Our Phone."  Complaint, ¶¶63-72; RJN, Exhibit 1. Plaintiffs allege in reliance on the article that AT&T contracted with Zumigo to provide access to real-time location data and that Zumigo provided access to a third party, Microbilt Corporation, with AT&T's approval.  Complaint, ¶66-69; 93(ii).  Plaintiffs further allege, based upon the Motherboard article, a single incident of alleged misuse, asserting that in "one January 2019 report, a journalist was able to find the real-time location of a phone in Queens, New York, within an accuracy of just a few blocks, by buying location data from Microbilt through a bounty hunter." *Id.*, ¶69.  To Plaintiffs' credit, the Complaint concedes that the owner of the phone that was accessed in the writing of the Motherboard article had, in fact, consented to her phone being tracked for that purpose, though the Complaint also alleges that "[b]ut for the reporter personally informing the phone's owner that he would be using the technology to locate her, no consent was obtained by the bounty hunter before locating the phone."  *Id.*

The Complaint includes a handful of additional allegations regarding Microbilt and Zumigo – for example, that Zumigo's Chief Executive Officer, Chirag Bakshi, once talked about

potential uses of location data[5] -- but alleges no other conduct by Zumigo or Microbilt.  Nowhere does the Complaint allege that either Microbilt or Zumigo ever accessed Plaintiff's location data, or indeed, allege any other instance of either Microbilt or Zumigo accessing any individual's location data without that person's express affirmative consent.

### B.  Plaintiffs' Claims Against Zumigo

Although the Complaint asserts a total of six causes of action, only two of the six are asserted against Zumigo: a claim for Intrusion Upon Seclusion ("Intrusion Claim") and a claim for violation of the California Constitutional Right of Privacy ("Privacy Claim").  The Intrusion Claim is asserted collectively against all Defendants and alleges in broad and conclusory fashion that "Defendants intentionally intruded on and into Plaintiffs' and Class members' solitude, seclusion, or private affairs by allowing third parties to access Plaintiffs' and Class members' real-time location without proper notice, consent or authority."  Complaint, ¶304.  The Intrusion Claim does not allege any facts in support of this sweeping allegation.  *Id.* at ¶¶300-311.  Rather, Plaintiffs incorporate by reference the preceding allegations of the Complaint, without any effort to identify which acts are alleged to support the particular claim, any effort to differentiate among the various defendants, or any effort to tie any particular act to any particular plaintiff.  *Id.* at ¶300.

Plaintiffs' Privacy Claim is similarly bereft of factual allegations.  Plaintiffs again rely on conclusory and undifferentiated, "group" pleading, alleging that "Defendants intentionally intruded on and into Plaintiffs' and Class members' solitude, seclusion, or private affairs by allowing third parties, including the Aggregator Defendants, to access Plaintiffs' and Class members' real-time location without proper consent or authority," and that such intrusions were highly offensive to a reasonable person.  *Id.* at ¶315.  Once again Plaintiffs make no effort to identify any specific fact or incident to support the broad, conclusory allegation of a Constitutional violation; nor do they make any effort to distinguish among the defendants or tie any particular action to either of the named plaintiffs.  *Id.* at ¶312-321.

---

[5] See Complaint, ¶70-72; 92; 93(ii), 105.

4

DEFENDANT ZUMIGO, INC.'S MOT. TO DISMISS CLASS ACTION COMPLAINT AND MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT

Bryan Cave Leighton Paisner LLP
Three Embarcadero Center, 7th Floor
San Francisco, CA  94111-4070

### C.  The January 2019 Motherboard Article

As noted above, the sum total of conduct alleged by Zumigo in the Complaint derives from a single, January 2019 article in Motherboard magazine.  Complaint, ¶63-72; 93(ii).  In that article, the author writes that he paid $300 to an individual claiming to be a bounty hunter to track the phone of an acquaintance, who had consented to be tracked for purposes of the article.  RJN, Ex. 1.  The article states that Zumigo "confirmed it was the company that provided the phone location to Microbilt and defended its practices," explaining that ""illegal access to data is an unfortunate occurrence across virtually every industry that deals in consumer or employee data, and it is impossible to detect a fraudster, or rogue customer, who requests location data of his or her own mobile devices when the required consent is provided."  *Id.* at 13/22.  The article uses the Microbilt incident as a jumping off point for a broader discussion regarding the sale of location data by mobile carriers, including the potential for misuse of location data.  *Id.*  However, the article alleges only a single instance of location data being accessed without what the author considers to be proper consent – the Microbilt incident.

Plaintiffs' Complaint here draws heavily from the Motherboard article in an attempt to portray Zumigo in a negative light, however, it conspicuously omits one fact from the Motherboard article that is of significance here.  The article makes plain at various points that the incident involving Microbilt and Zumigo involved a phone on a T-Mobile wireless network, not AT&T.  For example, the author states at p. 3/22 of the article that "the target gave their consent to Motherboard to be tracked via their T-Mobile phone."  RJN, Ex. 1, at p. 3/22.  At p. 13/22, the author further clarifies that "[i]n Motherboard's case, the successfully geolocated phone was on T-Mobile."  *Id.* at 13/22.  Indeed, the article even includes a handy graphic illustration of how the author obtained the location of the target phone, making clear that the location request went to T-Mobile, not AT&T:

DEFENDANT ZUMIGO, INC.'S MOT. TO DISMISS CLASS ACTION COMPLAINT AND MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT

BRYAN CAVE LEIGHTON PAISNER LLP
THREE EMBARCADERO CENTER, 7TH FLOOR
SAN FRANCISCO, CA  94111-4070

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

BRYAN CAVE LEIGHTON PAISNER LLP
THREE EMBARCADERO CENTER, 7TH FLOOR
SAN FRANCISCO, CA 94111-4070

600682460.4

DEFENDANT ZUMIGO, INC.'S MOT. TO DISMISS CLASS ACTION COMPLAINT AND MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT

1   *Id.* at p. 8/22.  Although the article does indeed mention AT&T within the broader discussion of

2   location data, along with mentions of T-Mobile, Sprint, Verizon, and other companies, nowhere

3   does the article link the alleged incident involving the bounty hunter to AT&T, nor suggest any

4   instance of improper access to location data by AT&T.  In view of Plaintiffs' failure to attach the

5   article to the Complaint, or to clarify the absence of any link between the Microbilt incident and

6   AT&T, Zumigo seeks judicial notice of the article and requests that it be considered in ruling on

7   Zumigo's motion.[6]

8   **III. ARGUMENT**

9       **A. Legal Standards Governing Zumigo's Motion**

10          **1. In the Absence of a Concrete and Particularized Injury to Scott, Jewel or Pontis, this Court Lacks Subject Matter Jurisdiction over their Claims**

11        A motion under F.R.C.P. 12(b)(1) challenges the Court's jurisdiction over the Plaintiffs'

12  claims.  *Augustine v. U.S.,* 704 F.2d 1074, 1077  (9th Cir. 1983).  The defense of lack of subject

13  matter jurisdiction cannot be waived; the court is under a continuing duty to dismiss an action

14  whenever it appears that the court lacks jurisdiction.  *Id.*  Indeed, as the Supreme Court has

15  explained, "[n]o principle is more fundamental to the judiciary's proper role in our system of

16  government than the constitutional limitation of federal-court jurisdiction to actual cases or

17  controversies." *Simon v. Eastern Kentucky Welfare Rights Organization,* 426 U.S. 26, 37 (1976).

18  It is well established that a "suit brought by a plaintiff without Article III standing is not a 'case or

19  controversy,' and an Article III federal court therefore lacks subject matter jurisdiction over the

20  suit."  *Cetacean Community v. Bush*, 386 F.3d 1169, 1174 (9th Cir. 2004), *citing Steel Co. v.*

21  *Citizens for a Better Environment*, 523 U.S. 83, 101, 118 S.Ct. 1003, 140 L.Ed.2d 210 (1998).

22        The Supreme Court has explained that the "irreducible constitutional minimum" of

23  standing consists of three elements.  First, the plaintiff "must have suffered an 'injury in fact'—an

24  invasion of a legally protected interest which is (a) concrete and particularized, [citations] and (b)

25  'actual or imminent,' not 'conjectural' or 'hypothetical.'" *Lujan v. Defenders of Wildlife*, 504

BRYAN CAVE LEIGHTON PAISNER LLP
THREE EMBARCADERO CENTER, 7TH FLOOR
SAN FRANCISCO, CA  94111-4070

---

26  [6] *Sprewell v. Golden State Warriors*, 266 F.3d 979, 988 (9th Cir. 2001), *opinion amended on denial of reh'g* (9th Cir.
27  2001) 275 F.3d 1187 (Court need not accept as true allegations that contradict matters properly subject to judicial
28  notice or referenced in the complaint); *Tellabs, Inc. v. Makor Issues & Rights, Ltd.,* 551 U.S. 308, 322 (2007) (court must consider documents incorporated into complaint).

7

**DEFENDANT ZUMIGO, INC.'S MOT. TO DISMISS CLASS ACTION COMPLAINT AND MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT**

1  U.S. 555, 560 (1992); *Spokeo, Inc. v. Robins*, 136 S. Ct. 1540, 1547 (2016), <u>*as revised*</u> (May 24,

2  2016).  For an injury to be particularized, "it must affect the plaintiff in a personal and individual

3  way." *Spokeo*, 136 S. Ct. at 1548.  Importantly, "[t]hat a suit may be a class action… adds nothing

4  to the question of standing, for even named plaintiffs who represent a class 'must allege and show

5  that they personally have been injured, not that injury has been suffered by other, unidentified

6  members of the class to which they belong and which they purport to represent.'" *Simon*, 426

7  U.S. at 40, n. 20, *quoting Warth v. Seldin*, 422 U.S. 490, 502 (1975).  Second, there "must be a

8  causal connection between the injury and the conduct complained of—the injury has to be 'fairly

9  ... trace[able] to the challenged action of the defendant, and not ... th[e] result [of] the independent

10 action of some third party not before the court.'" *Simon*, 426 U.S. at 41–42.  Third, it must be

11 "likely," as opposed to merely "speculative," that the injury will be "redressed by a favorable

12 decision." *Defenders of Wildlife*, 504 U.S. at 561.

13      Standing is evaluated on a claim-by-claim basis.  *Coalition for a Sustainable Delta v.*

14 *F.E.M.A.,* 711 F.Supp.2d 1152, 1160 (E.D. Cal. 2010).  A "plaintiff must demonstrate standing

15 'for each claim he seeks to press' and for 'each form of relief sought.'" *Oregon v. Legal Servs.*

16 *Corp.*, 552 F.3d 965, 969 (9th Cir. 2009) (*quoting DaimlerChrysler Corp. v. Cuno*, 547 U.S. 332,

17 352, 126 S.Ct. 1854, 164 L.Ed.2d 589 (2006)).  "[S]tanding is not dispensed in gross...." *Lewis v.*

18 *Casey*, 518 U.S. 343, 358, n. 6, 116 S.Ct. 2174, 135 L.Ed.2d 606 (1996).  Although the defendant

19 is typically the moving party on a Rule 12(b)(1) motion, the plaintiff, as the party invoking federal

20 jurisdiction, bears the burden of establishing these elements.  *Id.*  A court should presume that a

21 case lies outside of its jurisdiction until a plaintiff meets this burden.  *Kokkonen v. Guardian Life*

22 *Ins. Co. of Am.*, 511 U.S. 375, 377, 114 S. Ct. 1673, 1675, 128 L. Ed. 2d 391 (1994).

23      As a procedural matter, a challenge to standing may be either "facial" or "factual."

24 *Courthouse News Serv. v. Planet*, 750 F.3d 776, 780 (9th Cir. 2014).  A facial attack "is made on

25 the basis that the complaint, together with documents attached to the complaint and any judicially

26 noticed facts, fails to establish grounds for federal subject matter jurisdiction as required by Rule

27 8(a)(1)—*i.e.*, lack of federal jurisdiction appears from the 'face of the complaint.'" *Warren v. Fox*

28 *Family Worldwide, Inc.* (9th Cir. 2003) 328 F3d 1136, 1139; *Center for Biological Diversity, Inc.*

BRYAN CAVE LEIGHTON PAISNER LLP
THREE EMBARCADERO CENTER, 7TH FLOOR
SAN FRANCISCO, CA  94111-4070

DEFENDANT ZUMIGO, INC.'S MOT. TO DISMISS CLASS ACTION COMPLAINT AND MEMORANDUM OF
POINTS AND AUTHORITIES IN SUPPORT

*v. BP America Production Co.* (5th Cir. 2013) 704 F3d 413, 423-424.  Because the elements of

standing "are not mere pleading requirements but rather an indispensable part of the plaintiff's

case, each element must be supported in the same way as any other matter on which the plaintiff

bears the burden of proof, *i.e.*, with the manner and degree of evidence required at the successive

stages of the litigation." *Lujan v. Defenders of Wildlife,* 504 U.S. 555, 561 (1992).  The Supreme

Court has explained that at the pleading stage, "general factual allegations of injury resulting from

the defendant's conduct may suffice, for on a motion to dismiss we 'presum[e] that general

allegations embrace those specific facts that are necessary to support the claim.'" *Defenders of*

*Wildlife*, 504 U.S. at 561.  This does not mean, however, that plaintiff may rely on a "bare legal

conclusion" to assert injury-in-fact, or engage in an "ingenious academic exercise in the

conceivable" to explain how defendants' actions caused his injury.  *Maya v. Centex Corp.,* 658

F.3d 1060, 1068 (9th Cir. 2011); *Ricks v. Beta Dev. Co.*, 92 F.3d 1193 (9th Cir. 1996) ("While it is

true that 'at the pleading stage, general factual allegations of injury resulting from the defendant's

conduct may suffice for on a motion to dismiss we presume that general allegations embrace those

specific facts that are necessary to support the claim,"[citation], a plaintiff must still satisfy the

minimum standing elements.").  "[B]are assertions ... amount[ing] to nothing more than a

'formulaic recitation of the elements'" of a claim are not entitled to an assumption of truth.  *Moss*

*v. U.S. Secret Service,* 572 F.3d 962, 969 (9th Cir. 2009).  Such allegations are to be disregarded

"because they do nothing more than state a legal conclusion—even if that conclusion is cast in the

form of a factual allegation."  *Id.*  To "survive a motion to dismiss for lack of constitutional

standing, plaintiffs must establish a 'line of causation' between defendants' action and their

alleged harm that is more than 'attenuated.'"  *Id.*, *quoting Allen v. Wright*, 468 U.S. 737, 757

(1984).  "In sum, for a complaint to survive a motion to dismiss, the non-conclusory factual

content, and reasonable inferences from that content, must be plausibly suggestive of a claim

entitling the plaintiff to relief.*"  Moss v. U.S. Secret Serv*., 572 F.3d 962, 969 (9th Cir.2009).

Bryan Cave Leighton Paisner LLP
Three Embarcadero Center, 7th Floor
San Francisco, CA 94111-4070

9

DEFENDANT ZUMIGO, INC.'S MOT. TO DISMISS CLASS ACTION COMPLAINT AND MEMORANDUM OF
POINTS AND AUTHORITIES IN SUPPORT

BRYAN CAVE LEIGHTON PAISNER LLP
THREE EMBARCADERO CENTER, 7TH FLOOR
SAN FRANCISCO, CA 94111-4070

**2. On A Rule 12(b)(6) Motion, the Court Must Assume the Truth of Plaintiffs' Allegations, But Need Not Credit Legal Conclusions and May Consider Materials Referenced in the Complaint**

Under Rule 12(b)(6) of the Federal Rules of Civil Procedure, the Court must dismiss a complaint if it fails to state a claim upon which relief can be granted.  When reviewing the complaint, the Court "must presume all factual allegations of the complaint are true and draw all reasonable inferences in favor of the nonmoving party." *Holden v. Hagopian*, 978 F.2d 1115, 1118 (9th Cir. 1992).  However, the Court should not "assume the truth of legal conclusions merely because they are cast in the form of factual allegations." *Brooks v. Citibank (S. Dakota), N.A.*, 345 F. App'x 260, 262 (9th Cir. 2009); *see also Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1949 (2009) ("[T]he tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions").  Nor should the Court accept as true allegations that contradict matters properly subject to judicial notice or referenced in but not attached to the complaint.  *Sprewell v. Golden State Warriors*, 266 F.3d 979, 988 (9th Cir. 2001), *opinion amended on denial of reh'g* (9th Cir. 2001) 275 F.3d 1187; *Tellabs, Inc. v. Makor Issues & Rights, Ltd.,* 551 U.S. 308, 322 (2007) (court must consider documents incorporated into complaint).  This latter requirement is necessary to prevent "a plaintiff with a legally deficient claim [from surviving] a motion to dismiss simply by failing to attach a dispositive document on which it relied." *Pension Benefit Guar. Corp. v. White Consolidated Industries, Inc.,* 998 F2d 1192, 1196 (3rd Cir. 1993); *Brownmark Films, LLC v. Comedy Partners*, 682 F3d 687, 690 (7th Cir. 2012). In order to survive a motion to dismiss under Civil Rule 12(b)(6), a plaintiff must allege "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007).

**B. Plaintiffs Have Failed to Allege that Zumigo Accessed Their Location Data or Has Any Connection to Plaintiffs at All, and Therefore Lack Standing to Maintain their Claims**

Plaintiffs' dense and lengthy Complaint broadly assails the practice of wireless carriers selling location data, drawing heavily upon a handful of media reports purporting to document examples of alleged misuse.  The Complaint is entirely bereft, however, of any ***factual*** allegations

BRYAN CAVE LEIGHTON PAISNER LLP
THREE EMBARCADERO CENTER, 7TH FLOOR
SAN FRANCISCO, CA  94111-4070

1   indicating that Plaintiffs' own location data was ever accessed by Zumigo (or, indeed, any

2   defendant).  Plaintiffs allege that they are subscribers to AT&T's wireless service and that Zumigo

3   contracted with AT&T to obtain access to location data, but Plaintiffs do not allege that Zumigo

4   ever obtained *their* own location data from AT&T, or otherwise.  The Complaint does allege, in

5   broad, conclusory fashion, that "Defendants intentionally intruded on and into Plaintiffs' and

6   Class members' solitude, seclusion, or private affairs by allowing third parties, including the

7   Aggregator Defendants, to access Plaintiffs' and Class members' real-time location without proper

8   consent or authority."  Complaint, ¶315; *see also id.* at ¶ 304.  But nowhere in the Complaint do

9   Plaintiffs allege any *facts* from which it could be inferred that Zumigo ever accessed their location

10  data -- or, indeed, that Plaintiffs have *any connection to Zumigo at all*.

11       The only substantive allegations of conduct by Zumigo rely upon the January 2019

12  Motherboard article, which purports to describe a single incident in which the location data of a

13  mobile subscriber was accessed with what Plaintiffs deem to be inadequate consent (though

14  admittedly with the consent of the user).  Plaintiffs do not, however, allege that either of the three

15  named Plaintiffs Scott, Jewel, or Pontis was the owner of the phone whose location data was

16  purportedly accessed.  And, in fact, the article makes crystal clear that the user whose data was

17  purportedly accessed was a T-Mobile subscriber – not an AT&T subscriber.  Thus, Plaintiffs fail

18  to allege any link at all between themselves and Zumigo.

19       Where a plaintiff alleges a violation "but does not allege how 'he personally suffered' the

20  injury, the injury-in-fact requirement is not met."  *Chapman v. Pier 1 Imports Inc.*, 631 F.3d 939,

21  954–55 & n. 9 (9th Cir.2011); *LaCourt v. Specific Media, Inc.*, No. 10–cv–1256, 2011 WL

22  1661532, at *4 (C.D.Cal. Apr. 28, 2011) (finding lack of standing where, aside from a "conclusory

23  allegation," plaintiffs "do not specifically allege that Plaintiffs themselves were affected by"

24  Defendants' allegedly improper practice of tracking online behavior); *see also Birdsong v. Apple,

25  Inc.* (9th Cir. 2009) 590 F.3d 955, 960–961 ("At most, the plaintiffs plead a potential risk of

26  hearing loss not to themselves, but to other unidentified iPod users who might choose to use their

27  iPods in an unsafe manner. The risk of injury the plaintiffs allege is not concrete and particularized

28  as *to themselves*) (emphasis in original); *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 561, n. 1

BRYAN CAVE LEIGHTON PAISNER LLP
THREE EMBARCADERO CENTER, 7TH FLOOR
SAN FRANCISCO, CA  94111-4070

(1992) ("By particularized, we mean that the injury must affect the plaintiff in a personal and individual way.").  Conclusory "group" allegations that "Defendants" accessed Plaintiffs' location data without lawful consent – unsupported by allegations of fact from which such a conclusion could be inferred and without differentiating between either defendants or plaintiffs – cannot satisfy Plaintiffs' burden to show an injury-in fact traceable to Zumigo.  *Lacano Investments, LLC v. Balash* , 765 F.3d 1068, 1071 (9th Cir. 2014) ("While we do accept all of the factual allegations in the complaint as true…, we do not accept legal conclusions in the complaint as true, even if 'cast in the form of factual allegations.'").  As the court in *O'Bryan v. Holy See* explained, even where the defendant mounts a facial attack on subject matter jurisdiction, "conclusory allegations or legal conclusions masquerading as factual conclusions will not suffice to prevent a motion to dismiss."  556 F3d 361, 376 (6th Cir. 2009).

On this point, the decision in *In re iPhone Application Litigation*, No. 11-MD-02250-LHK, 2011 WL 4403963, at *1 (N.D. Cal. Sept. 20, 2011) is instructive.  In that case, plaintiffs brought a putative nationwide class action against Apple and other "mobile industry defendants" claiming that the defendants violated their privacy rights by "unlawfully allowing third party applications that run on the iDevices to collect and make use of, for commercial purposes, personal information without user consent or knowledge."  *Id.* at *1.  Plaintiffs alleged that Apple's design of the devices allowed for apps to access and track their information without user consent, and that "nothing in Apple's click-through agreement" would put a reasonable consumer on notice of this.  *Id.* at *2.  Plaintiffs alleged that "the Mobile Industry Defendants 'exploit' this access to consumer data by using code to access personal information on the iDevices without the user's permission or knowledge."  *Id.* at *2.  Plaintiffs further alleged that the Mobile Industry Defendants "use the merger of personal information to effectively or actually de-anonymize consumers" and thereby "misappropriated" Plaintiffs' personal information.  *Id.* In support of this allegation, plaintiffs pointed to a prior instance in which Apple removed several such apps from the App Store over concerns regarding privacy violations due to the apps collecting and tracking personal data without authorization.  *Id.*

BRYAN CAVE LEIGHTON PAISNER LLP
THREE EMBARCADERO CENTER, 7TH FLOOR
SAN FRANCISCO, CA 94111-4070

The defendants argued that the plaintiffs' broad, conclusory allegations "failed to allege concrete, particularized injuries in fact to *themselves,* as opposed to 'consumers' in general." *Id.* at *4 (emphasis in original). The Court agreed, finding plaintiffs' allegations "clearly insufficient" and concluding that "[d]espite a lengthy Consolidated Complaint, Plaintiffs do not allege injury in fact to *themselves." Id.* (emphasis in original). The court took further issue with plaintiffs' generalized allegations that "defendants," collectively, accessed their information, finding that plaintiffs had failed to allege "any injury fairly traceable" to any defendant's actions; "only alleg[ing] that the Mobile Industry Defendants (without differentiation) tracked and accessed personal information for commercial and marketing purposes." *Id.* at *6.

The decision in *Pirozzi v. Apple Inc,* 913 F.Supp. 2d 840, 847 is similarly instructive. Similar to Plaintiffs' allegations here, Pirozzi alleged that "[n]otwithstanding Apple's representations regarding its protection of users' personal information and the security of the iOS operating system, 'Apple-approved apps have downloaded and/or copied users' private address book information (including names and contact information of users' contacts), location data, private photographs and videos without the users' knowledge or consent when a user agrees to allow an app to access the user's then current locations.'" *Id.* at 845. Although the court assumed that overpaying for goods based upon alleged misrepresentations by the manufacturer might satisfy the injury-in-fact and causation requirements for Article III standing, Pirozzi "fail[ed] to allege specifically which statements she found material to her decision to purchase an Apple Device or App" and therefore lacked standing. *Id.* at 847. The court further found with respect to Pirozzi's claim of misappropriation of her private data, that Pirozzi failed to allege an injury-in-fact because she "fails to identify which Apple Devices she used; which Apps accessed or tracked her personal information (if any); or the resulting harm from the data collection." *Id.*

Here, Plaintiffs similarly make broad, conclusory, and undifferentiated allegations that "defendants" accessed their location data "without proper consent," but fail to allege any actual *facts* from which such access could be inferred and fail to make any effort to tie any alleged injury to any conduct of Zumigo. It is well established that Plaintiffs cannot meet their burden on standing by claiming that members of a putative class of AT&T subscribers had their location data

DEFENDANT ZUMIGO, INC.'S MOT. TO DISMISS CLASS ACTION COMPLAINT AND MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT

accessed by Zumigo.  As the Supreme Court has repeatedly explained, "[t]hat a suit may be a class action ... adds nothing to the question of standing, for even named plaintiffs who represent a class 'must allege and show that they personally have been injured, not that injury has been suffered by other, unidentified members of the class to which they belong.'"  *Spokeo*, 136 S. Ct. at 1547; *Simon*, 426 U.S. at 40, n. 20; *see also Lierboe v. State Farm Mut. Auto. Ins. Co.*, 350 F.3d 1018, 1022 (9th Cir. 2003) (remanding and dismissing because the named plaintiff failed to establish that she herself had a case or controversy, and therefore could not represent a class); *Schmier v. U.S. Court of Appeals for Ninth Circuit,* 279 F.3d 817, 821  (9th Cir. 2002) ("Schmier has not alleged a violation of a right personal to himself; rather, he appears to allege an injury on behalf of all lawyers practicing within the Ninth Circuit (or, indeed, all persons residing within that Circuit's geographical confines), along with an injury to all his clients generally."); *contrast with Williams v. Facebook, Inc.,* 384 F. Supp. 3d 1043, 1049 (N.D. Cal. 2018) (holding that plaintiffs met the particularity requirement for standing because "Plaintiffs Olin, Nyamjom, Smith-Jackson, and Vega-Latker, were able to download the scraped data and confirm Facebook was in possession of their own private call and text logs without their consent.").  Here, Plaintiffs Scott, Jewel and Pontis fail to allege any facts differentiating themselves from any other California subscriber to a wireless service, and instead seek to have themselves appointed as roving attorneys general to stamp out a practice they view as undesirable, but which has not impacted or touched them personally in any way.  This is plainly insufficient to meet their burden to establish standing.  As a result, the Complaint must be dismissed.

### C. Plaintiffs Fail to Allege that Zumigo Accessed Their Location Data and Therefore Fail to Allege the Essential Elements of their Claims

It is well established that courts must ordinarily resolve questions regarding their own jurisdiction to preside over the dispute prior to determining whether plaintiff's complaint states a cause of action.  *Steel Co. v. Citizens for a Better Environment*, 523 U.S. 83, 101 (1998) (courts are obligated to satisfy themselves of their own jurisdiction prior to addressing the existence of a cause of action); *In re Capacitors Antitrust Litigation,* 154 F.Supp.3d 918, 923 (N.D. Cal. 2015) ("The Ninth Circuit has made clear that the district courts can—and usually should—resolve the

BRYAN CAVE LEIGHTON PAISNER LLP
THREE EMBARCADERO CENTER, 7TH FLOOR
SAN FRANCISCO, CA  94111-4070

14

issue of Article III standing at the outset of a case."). As explained above, Plaintiffs have failed to meet their burden of establishing jurisdiction. The Court should therefore dismiss Plaintiffs' Complaint pursuant to Rule 12(b)(1). However, in an abundance of caution and to avoid waiver, Zumigo also moves here pursuant to Rule 12(b)(6).

Plaintiffs assert two causes of action against Zumigo: (1) Intrusion Upon Seclusion ("Intrusion Claim") and (2) violation of the California Constitutional Right of Privacy ("Privacy Claim"). To state an Intrusion Claim, a plaintiff must prove the following two elements: (1) intrusion into a private place, conversation or matter, (2) in a manner highly offensive to a reasonable person. *Opperman v. Path, Inc.*, 205 F. Supp. 3d 1064, 1072 (N.D. Cal. 2016). To satisfy the first element, plaintiff must have "an objectively reasonable expectation of seclusion." *Id.* The courts have made clear, however, that plaintiff "cannot have a reasonable expectation of privacy if she consented to the intrusion." *Id.; see also Baugh v. CBS, Inc.,* 828 F. Supp. 745, 757 (N.D. Cal. 1993) (plaintiff "gave her consent and she therefore has no remedy under this theory [of intrusion on seclusion]").

Here, the Complaint fails to allege any actual facts indicating that Zumigo ever accessed the location data of Scott, Jewel or Pontis. The sole factual basis for Plaintiffs' claims against Zumigo is the Motherboard article, however, Plaintiffs do not contend that either of them was the individual whose location data was accessed by Microbilt, and the facts set forth in the article show that it could not have been one of the named Plaintiffs because the individual was a T-Mobile subscriber, not an AT&T subscriber. Furthermore, those same facts as set forth in the article make clear that the individual whose phone was tracked did, in fact, consent to her phone being tracked. RJN, Ex. 1 at p. 3/22. In the absence of an allegation that Zumigo accessed Plaintiffs' own data, or had any connection to them at all, Plaintiffs fail to satisfy either of the required elements of their Seclusion Claim.

The same is true for Plaintiffs' Privacy Claim. The essential elements of a claim based on invasion of the California constitutional right of privacy are: (1) Defendant engaged in conduct that invaded plaintiff's privacy interests; (2) Plaintiff had a reasonable expectation of privacy as to the interests invaded; (3) The invasion was serious; and (4) The invasion caused plaintiff to suffer

DEFENDANT ZUMIGO, INC.'S MOT. TO DISMISS CLASS ACTION COMPLAINT AND MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT

injury, damage, loss or harm.  *See Hill v. National Collegiate Athletic Ass'n*, 7 Cal. 4th 1, 35-37(1994); Cal. Jury Instr.--Civ. 7.25.1; Judicial Council Of California Civil Jury Instruction ("CACI"), 1800.  Here, Plaintiffs fail to allege any facts from which an invasion of their right to privacy could be inferred, that any such invasion was serious, or that any invasion by Zumigo caused them harm.  As a result, Plaintiffs have failed to allege the essential elements of their Privacy Claim against Zumigo.

## IV.  CONCLUSION

For all the foregoing reasons, Defendant Zumigo respectfully requests that the Court dismiss each of Plaintiffs' claims against Zumigo for lack of subject matter jurisdiction.  In the alternative, Zumigo requests that the Court dismiss Plaintiffs' claims against Zumigo under Rule 12(b)(6) on the grounds that Plaintiffs have failed to allege any claim upon which relief may be granted.

Dated:          September 11, 2019                    Respectfully submitted,

**BRYAN CAVE LEIGHTON PAISNER LLP**

By: /s/ Daniel Rockey
          Daniel Rockey

Attorneys for Defendants
ZUMIGO, INC

BRYAN CAVE LEIGHTON PAISNER LLP
THREE EMBARCADERO CENTER, 7TH FLOOR
SAN FRANCISCO, CA 94111-4070

DEFENDANT ZUMIGO, INC.'S MOT. TO DISMISS CLASS ACTION COMPLAINT AND MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT