1   Travis P. Brennan, State Bar No. 238119
      tbrennan@sycr.com
2   Karla Kraft, State Bar No. 205530
      kkraft@sycr.com
3   Ahmad Takouche, State Bar No. 322911
      atakouche@sycr.com
4   STRADLING YOCCA CARLSON & RAUTH, P.C.
    660 Newport Center Drive, Suite 1600
5   Newport Beach, CA 92660-6422
    Telephone:  (949) 725-4000
6   Facsimile:  (949) 725-4100

7   Attorneys for Defendant
    TECHNOCOM CORP.
8

                    UNITED STATES DISTRICT COURT
9
                  NORTHERN DISTRICT OF CALIFORNIA
10
                      SAN FRANCISCO DIVISION
11

12   KATHERINE SCOTT, CAROLYN JEWEL,        Case No. 3:19-cv-04063-JD
     and GEORGE PONTIS, individually and on
13   behalf of all others similarly situated,     **PUTATIVE CLASS ACTION**

14                       Plaintiffs,          **DEFENDANT TECHNOCOM
                                              CORPORATION'S NOTICE OF
15          vs.                               MOTION AND MOTION TO DISMISS
                                              PLAINTIFFS' COMPLAINT;
16   AT&T INC.; AT&T SERVICES, INC.; AT&T     MEMORANDUM OF POINTS AND
     MOBILITY, LLC; TECHNOCOM CORP.; and     AUTHORITIES**
17   ZUMIGO, INC.,
                                             [Filed concurrently with Request for Judicial
18                       Defendants.          Notice and Declaration of Ahmad
                                              Takouche]
19
                                             Date:     December 19, 2019
20                                           Time:     10:00 a.m.
                                             Judge:  Hon. James Donato
21                                           Location:  San Francisco Courthouse
                                                        Courtroom 11, 19th Floor
22                                                      450 Golden Gate Avenue
                                                        San Francisco, CA 94102
23

24                                           Complaint Filed:  July 16, 2019
                                             Trial Date:  Not set
25

26

27

28

STRADLING YOCCA
CARLSON & RAUTH
LAWYERS
NEWPORT BEACH

                         MOTION TO DISMISS
4851-5540-4194v11/012166-0026                          Case No. 19-cv-04063-JD

1   TO THE COURT AND ALL PARTIES AND COUNSEL OF RECORD:

2          PLEASE TAKE NOTICE that on December 19, 2019 at 10:00 a.m., or as soon thereafter

3   as the matter may be heard, in Courtroom 11 of this Court, located at 450 Golden Gate Avenue,

4   San Francisco, California, before the Honorable James Donato, Defendant TechnoCom Corp.

5   d/b/a LocationSmart ("LocationSmart") will and hereby does move the Court for an order

6   dismissing all of the claims and causes of action against LocationSmart in Plaintiffs Katherine

7   Scott, Carolyn Jewel, and George Pontis's ("Plaintiffs") Complaint pursuant to Rules 12(b)(1)

8   and 12(b)(6) of the Federal Rules of Civil Procedure (the "Rules").  LocationSmart brings this

9   Motion on the following grounds:

10         (1)     The Court lacks subject matter jurisdiction because Plaintiffs lack Article III

11   standing.  Plaintiffs do not allege a particularized and concrete injury-in-fact, the alleged injury is

12   not traceable to LocationSmart's conduct, and a favorable ruling for Plaintiffs is not likely to

13   redress a risk of harm, so there is no justiciable controversy.

14         (2)     Even if Plaintiffs had standing, the claims and causes of action against

15   LocationSmart must still be dismissed because Plaintiffs fail to allege, and cannot amend their

16   complaint to allege, a plausible claim for invasion of privacy by LocationSmart under California

17   common law or the California Constitution.  Plaintiffs do not allege against LocationSmart the

18   necessary elements of an intentional intrusion, or the type of egregious conduct required to

19   maintain the claim under California's common law or Constitution.  Separately, it is plain from

20   the face of the Complaint that the claims against LocationSmart are barred by the statute of

21   limitations.

22         This Motion is based on this Notice of Motion, the accompanying Memorandum of

23   Points and Authorities, the concurrently filed Request for Judicial Notice and Declaration of

24   Ahmad Takouche, and the proposed order submitted herewith, all papers and pleadings on file in

25   this action, such other evidence and argument as may be presented at or before any hearing on

26   this Motion, and all other matters of which the Court may take judicial notice.

27

28

STRADLING YOCCA
CARLSON & RAUTH
LAWYERS
NEWPORT BEACH

## STATEMENT OF ISSUES TO BE DECIDED PER CIVIL L.R. 7-4(A)(3)

1.      Whether the Complaint presents a justiciable case or controversy under Article III of the United States Constitution.

2.      Whether Plaintiffs adequately allege against LocationSmart a claim for intrusion upon seclusion under California law.

3.      Whether Plaintiffs adequately allege against LocationSmart a claim for violation of the right to privacy under California's Constitution.


Dated:  September 11, 2019              STRADLING YOCCA CARLSON & RAUTH, P.C.


                                       By:    */s/ Travis P. Brennan*
                                              Travis P. Brennan
                                              Karla Kraft
                                              Ahmad Takouche
                                       Attorneys for Defendant TechnoCom Corp.

STRADLING YOCCA
CARLSON & RAUTH
LAWYERS
NEWPORT BEACH

-iii-
MOTION TO DISMISS
4851-5540-4194v11/012166-0026                                Case No. 19-cv-04063-JD

# <u>TABLE OF CONTENTS</u>

<u>Page</u>

I.      Introduction.................................................................................................1

II.     Relevant Background......................................................................................2

III.    Argument ......................................................................................................5

    A.    Legal Standards.....................................................................................5

    B.    Plaintiffs And The Purported Class Lack Article III Standing. ...........................6

        1.    Plaintiffs Do Not Allege An Injury-In-Fact................................................6

        2.    Plaintiffs Cannot Demonstrate An Alleged Injury Traceable To LocationSmart's Conduct And That A Favorable Ruling Would Provide Redress. ...................................................................................10

        3.    The Putative Class Lacks Standing Because No Individual Plaintiff Can Surpass The Constitutional Threshold.............................................12

    C.    Plaintiffs Do Not Adequately Plead Invasion Of Privacy Against LocationSmart....................................................................................12

        1.    Plaintiffs Cannot Allege That LocationSmart Intentionally Intruded. .......................................................................................12

        2.    Plaintiffs Cannot Plausibly Accuse LocationSmart Of The "Egregious" Breach Of Social Norms Required Under State Law...........13

        3.    Plaintiffs' Claims Are Barred By The Statute Of Limitations.................15

IV.    Conclusion. .................................................................................................15

STRADLING YOCCA
CARLSON & RAUTH
LAWYERS
NEWPORT BEACH

MOTION TO DISMISS

4851-5540-4194v11/012166-0026                    Case No. 19-cv-04063-JD

# TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*In re Apple Processor Litig.*,
  366 F. Supp. 3d 1103 (N.D. Cal. 2019) ..............................................................8, 9

*Ashcroft v. Iqbal*,
  556 U.S. 662 (2009) ...............................................................................................6

*Banga v. Equifax Info. Servs., LLC*,
  No. 14-03038-WHO, 2015 U.S. Dist. LEXIS 79342 (N.D. Cal. June 18, 2015) ...................13

*Barnum Timber Co. v. EPA*,
  633 F.3d 894 (9th Cir. 2011) .................................................................................5

*Bell Atl. Corp. v. Twombly*,
  550 U.S. 544 (2007) ...............................................................................................6

*Cahen v. Toyota Motor Corp.*,
  147 F. Supp. 3d 955 (N.D. Cal. 2015) (*Cahen I*) ............................................8, 11

*Cahen v. Toyota Motor Corp.*,
  717 Fed. App'x. 720 (9th Cir. 2017) (*Cahen II*) ........................................7, 8, 11

*United States ex rel. Campie v. Gilead Scis.*,
  862 F.3d 890 (9th Cir. 2017) .................................................................................6

*Chandler v. State Farm Mut. Auto. Ins. Co.*,
  598 F.3d 1115 (9th Cir. 2010) ...............................................................................5

*City of Los Angeles v. Lyons*,
  461 U.S. 95 (1983) .................................................................................................5

*Clapper v. Amnesty International*,
  568 U.S. 398 (2013) ...........................................................................................7, 11

*Clark v. City of Seattle*,
  899 F.3d 802 (9th Cir. 2018) ..............................................................................6, 7

*Common Cause v. Biden*,
  748 F.3d 1280 (D.C. Cir. 2014) ...........................................................................11

*DaimlerChrysler Corp. v. Cuno*,
  547 U.S. 332 (2006) ...............................................................................................11

*Fredenberg v. City of Fremont*,
  119 Cal. App. 4th 408 (2004) ...............................................................................14

STRADLING YOCCA
CARLSON & RAUTH
LAWYERS
NEWPORT BEACH

–v–
MOTION TO DISMISS

4851-5540-4194v11/012166-0026                                                Case No. 19-cv-04063-JD

*In re Google, Inc. Privacy Policy Litig.*,
    58 F. Supp. 3d 968 (N.D. Cal. 2014) .................................................................................14

*Hernandez v. Path, Inc.*,
    12-CV-01515 YGR, 2012 U.S. Dist. LEXIS 151035 (N.D. Cal. Oct. 19, 2012) .....................9

*In re iPhone Application Litig.*,
    844 F. Supp. 2d 1040 (N.D. Cal. 2012) (*iPhone II*) ...........................................................14

*Jablon v. Dean Witter & Co.*,
    614 F.2d 677 (9th Cir. 1980) ............................................................................................15

*Khoja v. Orexigen Therapeutics, Inc.*,
    899 F.3d 988 (9th Cir. 2018) ...............................................................................................6

*Krottner v. Starbucks Corp.*,
    628 F.3d 1139 (9th Cir. 2010) ...........................................................................................10

*Lewis v. Casey*,
    518 U.S. 343 (1996) ...........................................................................................................12

*Lierboe v. State Farm Mut. Auto. Ins. Co.*,
    350 F.3d 1018 (9th Cir. 2003) .......................................................................................7, 12

*Low v. LinkedIn Corp.*,
    900 F. Supp. 2d 1010 (N.D. Cal. 2012) .............................................................................13

*Maya v. Centex Corp.*,
    658 F.3d 1060 (9th Cir. 2011) .......................................................................................5, 11

*McDonald v. Aps*,
    385 F. Supp. 3d 1022 (N.D. Cal. 2019) .......................................................................13, 14

*NBCUniversal Media, LLC v. Superior Court*,
    225 Cal. App. 4th 1222 (2014) ..........................................................................................15

*Patel v. Facebook Inc.*,
    290 F. Supp. 3d 948 (N.D. Cal. 2018) (*Patel I*) .................................................................6

*Patel v. Facebook, Inc.*,
    932 F.3d 1264 (9th Cir. 2019) (*Patel II*) .............................................................................6

*Pirozzi v. Apple Inc.*,
    913 F. Supp. 2d 840 (N.D. Cal. 2012) ...............................................................................10

*Ree v. Zappos.com, Inc. (In re Zappos.com, Inc.)*,
    888 F.3d 1020 (9th Cir. 2018) ...........................................................................................10

*Robins v. Spokeo, Inc.*,
    867 F.3d 1108 (9th Cir. 2017) (*Spokeo II*) ......................................................................6, 7

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

STRADLING YOCCA
CARLSON & RAUTH
LAWYERS
NEWPORT BEACH

-vi-

*Shulman v. Group W Productions, Inc.,*
    18 Cal. 4th 200 (1998) ...................................................................................................12, 13

*Spokeo, Inc. v. Robins,*
    136 S. Ct. 1540 (2016) (*Spokeo I*) .....................................................................................5, 7

*Steckman v. Hart Brewing, Inc.,*
    143 F.3d 1293 (9th Cir. 1998) ...........................................................................................6, 7

*Steel Co. v. Citizens for a Better Environment,*
    523 U.S. 83 (1998).................................................................................................................5

*Strumlauf v. Starbucks Corp.,*
    192 F. Supp. 3d 1025 (N.D. Cal. 2016) .................................................................................8

*Telesaurus VPC, LLC v. Power,*
    623 F.3d 998 (9th Cir. 2010) ...............................................................................................15

*White v. SSA,*
    111 F. Supp. 3d 1041 (N.D. Cal. 2015) ...............................................................................13

*Yunker v. Pandora Media Inc.,*
    11−03113−JSW, 2013 U.S. Dist. LEXIS 42691 (N.D. Cal. Mar. 26, 2013)...........................14

**Other Authorities**

Cal. Code of Civ. Proc. § 335.1 ...................................................................................................15

California Constitution...............................................................................................................1, 14

Federal Rule of Civil Procedure 12(b)(1) ......................................................................................1, 5

Federal Rule of Civil Procedure 8(a)(2) ...........................................................................................6

Federal Rule of Civil Procedure 12(b)(6) .................................................................................1, 6, 14, 15

U.S. Constitution Article III.................................................................................................... *passim*

STRADLING YOCCA
CARLSON & RAUTH
LAWYERS
NEWPORT BEACH

-vii-
MOTION TO DISMISS

4851-5540-4194v11/012166-0026                                                    Case No. 19-cv-04063-JD

## I.     Introduction

None of the Complaint's 343 paragraphs alleges that Katherine Scott, Carolyn Jewel, or George Pontis (the "Plaintiffs") suffered harm that would confer subject matter jurisdiction on the Court.  For example, Plaintiffs allege that a security flaw in defendant TechnoCom Corporation dba LocationSmart's ("LocationSmart") former website demo made mobile device location data vulnerable, but do not allege that anyone's location data was obtained without consent as a result.  Separately, Plaintiffs allege that a few LocationSmart customers improperly obtained some location data on behalf of law enforcement officers, bail bond companies and "bounty hunters" without alleging that Plaintiffs' own location data was improperly obtained, or even that Plaintiffs were the focus of law enforcement investigations, were bondees, or were being pursued by bounty hunters.  Instead, Plaintiffs sue out of generalized fear of future harm simply because they are AT&T customers.  But as the U.S. Supreme Court has held, such fear itself does not confer standing under Article III of the U.S. Constitution.  The Complaint should be dismissed pursuant to Rule 12(b)(1) of the Federal Rules of Civil Procedure (the "Rules") because the Court lacks subject matter jurisdiction absent a justiciable case or controversy.

Even if Plaintiffs had standing to sue, the Court should still dismiss the Complaint pursuant to Rule 12(b)(6) because Plaintiffs fail to assert a plausible claim for relief against LocationSmart.  Plaintiffs allege two causes of action against LocationSmart—common law "intrusion upon seclusion" and violation of the right to privacy under the California Constitution. These claims fail for at least three reasons.  First, Plaintiffs do not allege the necessary element of an intentional intrusion by LocationSmart that violated a reasonable expectation of privacy. Instead, they allege that a few of LocationSmart's purported <u>customers</u> misused location data. Second, this Court has followed California's Court of Appeal in holding that unauthorized disclosure of mobile device location data to third parties does not approach the standard of "egregious" conduct required for invasion of privacy under California law.  Third, Plaintiffs' claims are time-barred because their own allegations establish that the nature of AT&T's former relationship with LocationSmart was public knowledge by 2011.  The Complaint should be dismissed as to LocationSmart, without leave to amend.

Stradling Yocca
Carlson & Rauth
Lawyers
Newport Beach

-1-

MOTION TO DISMISS

4851-5540-4194v11/012166-0026                                    Case No. 19-cv-04063-JD

## II.    Relevant Background

LocationSmart is a small business.  It does not "sell" personal information.  When it was a wireless location data "aggregator" in partnership with AT&T and other carriers, LocationSmart helped its customers—location-based service providers—efficiently locate mobile users <u>after they obtained the user's consent to be located</u> for services such as roadside assistance, elder care, or transportation and logistics.  LocationSmart's proprietary application programming interface ("API") was a hub through which authorized service providers could request the approximate current location of a mobile user's device after having previously obtained consent from the mobile user, and only for the authorized purpose.

User consent was, and remains, a cornerstone of LocationSmart's business.  Best practice guidelines for location-based services adopted by CTIA (formerly known as the Cellular Telecommunications Industry Association) dictate that the location-based service provider, *i.e.*, LocationSmart's customer, is responsible for obtaining mobile user consent.  Consistent with those guidelines, LocationSmart's contracts required customers to obtain mobile user consent, and to deliver a record of that consent to LocationSmart's platform via the API, in order to make any subsequent request for location through LocationSmart.  Without such a consent record, the LocationSmart platform would automatically reject any customer request for location data.

3Cinteractive ("3C") is a former LocationSmart customer.  3C offered a mobile phone call billing service called "Text Collect," which required the recipient of a call placed to their mobile number from a correctional facility to provide consent to, among other things, share their mobile device location and accept the charges, via interactive voice response ("IVR"), before the call could be connected.  3C's customer, Securus Technologies, Inc. ("Securus"), used Text Collect as part of a prison phone system that it provided to correctional facilities.  The purpose of Text Collect was to facilitate public safety, security and billing for calls to mobile numbers.  Text Collect was the only 3C service authorized to use LocationSmart's platform.  Consistent with CTIA guidelines, 3C was responsible for obtaining and managing mobile user consent, which required delivering a record of consent to LocationSmart's platform in advance of any location request.

1    Carriers and LocationSmart periodically audited service providers for compliance with

2    their terms, including mobile user consent requirements.  On or around May 10, 2018, during the

3    course of one such audit, LocationSmart discovered that Securus had been causing 3C to use

4    LocationSmart's platform to support a separate, unauthorized service called "On Demand,"

5    through which Securus apparently, via 3C, submitted false consent records to obtain the location

6    of mobile devices for some of its law enforcement customers based on a warrant or other legal

7    document in lieu of actually having obtained mobile user consent.  LocationSmart terminated

8    3C's (and thereby Securus's) access to LocationSmart's API platform because such use for the

9    On Demand service violated the carriers' and LocationSmart's terms.  LocationSmart soon

10   discovered that 3C and/or Securus had masked these violations by providing false records of user

11   consent that made it appear as though the requests were being made for the authorized Text

12   Collect service, when in fact they were for the On Demand service.  The hidden On Demand

13   requests appear to have made up less than 0.1% of all location requests that LocationSmart

14   received from 3C, but no amount would have been acceptable given the terms imposed by

15   carriers and LocationSmart.

16   In the weeks and months that followed, legislators, journalists and privacy advocates

17   repeatedly and falsely attacked <u>LocationSmart</u> for the sins of Securus, its law enforcement

18   customers, and other third parties who had allegedly misused location data.  LocationSmart was

19   ultimately forced out of the wireless location aggregation business.  Its API no longer has access

20   to request real-time location data from AT&T and other carriers who were LocationSmart's

21   partners.  The relatively small risk of fraudulent conduct by third parties using LocationSmart's

22   platform to access carrier network location data has been eliminated entirely, but so have the

23   significant social benefits of helping millions of stranded motorists on the side of a highway

24   more quickly and reliably, delivering emergency services to elderly citizens more effectively,

25   and enabling independent trucking owners/operators to compete with large shipping companies

26   without the added cost and complexity of traditional load monitoring technologies.

27   Plaintiffs' Complaint selectively quotes false and misleading media reports that (among

28   other things) irresponsibly try to conflate LocationSmart's business, which was designed to

STRADLING YOCCA
CARLSON & RAUTH
LAWYERS
NEWPORT BEACH

-3-

MOTION TO DISMISS

4851-5540-4194v11/012166-0026                                                    Case No. 19-cv-04063-JD

facilitate user-authorized requests for instantaneous location snapshots, with nefarious "tracking" activities that depend on a historical record of physical movements used in the absence of consent.  Just as relevant for present purposes, however, is that the Complaint still fails to plausibly allege that **LocationSmart** did something that harmed **Plaintiffs**.  Specifically, the following key aspects of the Complaint are among those relevant to this Motion.

Plaintiffs do not, and cannot, allege that a Carnegie Mellon computer expert's hack of LocationSmart's website demo in May 2018 (shortly after initial public reports about Securus's On Demand service) resulted in **anyone's** location data being obtained without their consent, let alone Plaintiffs' location data.  (*Id.* ¶¶ 54-56.)  Indeed, the very article Plaintiffs incorporate into the Complaint—beginning at paragraph 54, footnote 42—makes clear that Robert Xiao, "a PhD candidate at CMU's Human-Computer Interaction Institute," used his exploit to locate the mobile devices of "**five different trusted sources, all of whom gave consent** to have Xiao determine the whereabouts of their cell phones."  (Request for Judicial Notice ("RJN" at 2; Declaration of Ahmad Takouche in Support of Motion to Dismiss ("Takouche Decl."), Exh. 1 (emphasis added).)  As part of LocationSmart's investigation after taking the demo site offline, LocationSmart's CEO spoke directly with Mr. Xiao, who confirmed that he had obtained consent from the acquaintances whose devices he located by hacking the demo site.  Even the article's click-baiting headline, "LocationSmart Leaked Location Data for Customers of All Major U.S. Mobile Carriers Without Consent," is contradicted by the article itself.

Plaintiffs allege misuse of other people's location data by three of LocationSmart's alleged customers (3C, Captira and "CerCareOne"), or a customer of a customer (Securus), but not LocationSmart.  (Compl. ¶¶ 43-47, 61-62, 75-82, 129, 198.)  For example:  "[T]he Aggregator Defendants' **customers** routinely failed to obtain customer consent or legal authority."  (Id. ¶ 129 (emphasis added).)  Plaintiffs complain about 3C or Securus obtaining without consent the location data of a "state judge," "several members of law enforcement," and "local suspects" without alleging that Plaintiffs are state judges, members of law enforcement, or the potential criminal suspects.  (*Id.* ¶¶ 45-47, 51.)  Plaintiffs complain about Captira and CerCareOne obtaining location data without consent on behalf of bail bond companies and

-4-

STRADLING YOCCA
CARLSON & RAUTH
LAWYERS
NEWPORT BEACH

MOTION TO DISMISS

4851-5540-4194v11/012166-0026                                                                 Case No. 19-cv-04063-JD

"bounty hunters" without alleging that they are bondees or the targets of bounty hunters.  (*Id.* ¶¶ 61-2, 75-82.)  (In reality, Captira never even used LocationSmart's API platform.  LocationSmart's relationship with CerCareOne ended in 2017, and the Complaint does not allege that anyone's mobile device (let alone Plaintiffs') was located <u>without their consent</u> via CerCareOne or any of its customers.)

<u>Plaintiffs do not allege past harm other than claiming they would have paid less for AT&T wireless service had they known of alleged wrongdoing and claiming purported "drains on their devices' battery</u>."  (*Id.* ¶¶ 270-75.)  Plaintiffs concede that they are still AT&T customers, despite the alleged affronts to their dignity and devices.  (*Id.* ¶¶ 10-12.)

<u>Plaintiffs do not, and cannot, allege that LocationSmart currently has any relationship with AT&T that poses a threat of imminent harm.</u>  AT&T's relationship with LocationSmart ended well before Plaintiffs filed the Complaint.

## III.  Argument

### A.  Legal Standards

"[T]hose who seek to invoke the jurisdiction of the federal courts must satisfy the threshold requirement imposed by Art. III of the Constitution by alleging an actual case or controversy."  *City of Los Angeles v. Lyons*, 461 U.S. 95, 101 (1983); *see also Spokeo, Inc. v. Robins*, 136 S. Ct. 1540, 1547 (2016) (*Spokeo I*).  Indeed, a plaintiff that lacks Article III standing cannot establish an actual "case or controversy."  *Steel Co. v. Citizens for a Better Environment*, 523 U.S. 83, 101 (1998).  In that event, the suit should be dismissed under Rule 12(b)(1).  *See Maya v. Centex Corp.*, 658 F.3d 1060, 1067 (9th Cir. 2011).

Plaintiffs must establish the Court's jurisdiction.  *See Chandler v. State Farm Mut. Auto. Ins. Co.*, 598 F.3d 1115, 1122 (9th Cir. 2010).  This requires allegations of "specific facts plausibly explaining" why the standing requirements are met.  *Barnum Timber Co. v. EPA*, 633 F.3d 894, 899 (9th Cir. 2011).  As this Court recently explained:

> [A] plaintiff must demonstrate standing to sue by alleging the "irreducible constitutional minimum" of (1) an "injury in fact" (2) that is "fairly traceable to the challenged conduct of the defendants" and (3) "likely to be redressed by a favorable judicial decision."  *Spokeo I*, 136 S. Ct. at 1547.  These requirements may not be abrogated by Congress.  *Id.* at 1548.  The specific element of injury in

STRADLING YOCCA
CARLSON & RAUTH
LAWYERS
NEWPORT BEACH

-5-

MOTION TO DISMISS

4851-5540-4194v11/012166-0026                                                                  Case No. 19-cv-04063-JD

1

2

fact is satisfied when the plaintiff has "suffered 'an invasion of a legally protected interest' that is 'concrete and particularized' and 'actual or imminent, not conjectural or hypothetical.'" *Id.* (quoting *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560 (1992)).

3

4

5

*Patel v. Facebook Inc.*, 290 F. Supp. 3d 948, 952 (N.D. Cal. 2018) (*Patel I*) (Donato, J.); *see also Patel v. Facebook, Inc.*, 932 F.3d 1264 (9th Cir. 2019) (*Patel II*); *Robins v. Spokeo, Inc.*, 867 F.3d 1108, 1112 (9th Cir. 2017) (*Spokeo II*).

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

In addition to establishing jurisdiction, a complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Rule 8(a)(2). A claim for relief must be plausible on its face. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements," are not entitled to a presumption of truth. *Id.* The Court is "not required to accept as true conclusory allegations which are contradicted by documents referred to in the complaint." *Steckman v. Hart Brewing, Inc.*, 143 F.3d 1293, 1295-96 (9th Cir. 1998). Documents that a plaintiff expressly relies on should be incorporated into the Complaint when evaluating the sufficiency of allegations. *Khoja v. Orexigen Therapeutics, Inc.*, 899 F.3d 988, 1002 (9th Cir. 2018) ("[A] defendant may seek to incorporate a document into the complaint if the plaintiff refers extensively to the document or the document forms the basis of the plaintiff's claim."). "A Rule 12(b)(6) dismissal can be based on a lack of a cognizable legal theory or the absence of sufficient facts alleged under a cognizable legal theory." *United States ex rel. Campie v. Gilead Scis.*, 862 F.3d 890, 898 (9th Cir. 2017) (citation omitted).

22

**B.    Plaintiffs And The Purported Class Lack Article III Standing.**

23

**1.    Plaintiffs Do Not Allege An Injury-In-Fact.**

24

25

26

27

"For an injury to be particularized, it must affect the plaintiff in a personal and individual way." *Clark v. City of Seattle*, 899 F.3d 802, 809 (9th Cir. 2018) (citations and quotations omitted). Moreover, "[f]or an injury to be concrete, it must *actually exist*, in other words, it is real, and not abstract." *Id.* (internal citations and quotations omitted) (emphasis added).

28

STRADLING YOCCA
CARLSON & RAUTH
LAWYERS
NEWPORT BEACH

-6-

MOTION TO DISMISS

4851-5540-4194v11/012166-0026                                              Case No. 19-cv-04063-JD

1   Concreteness and particularity are two separate inquiries.  *Spokeo II*, 867 F.3d at 1111 (citing

2   *Spokeo I*, 136 S. Ct. at 1548).  The Supreme Court has "repeatedly reiterated that threatened

3   injury must be certainly impending to constitute injury in fact, and that allegations of possible

4   future injury are not sufficient."  *Clapper v. Amnesty International*, 568 U.S. 398, 409 (2013)

5   (quotations omitted).  "In class actions, the named representatives must allege and

6   show that they personally have been injured, not that injury has been suffered by other,

7   unidentified members of the class to which they belong and which they purport to represent."

8   *Lierboe v. State Farm Mut. Auto. Ins. Co.*, 350 F.3d 1018, 1022 (9th Cir. 2003) (quoting

9   *Pence v. Andrus*, 586 F.2d 733, 736-37 (9th Cir. 1978)).

10              **a.      Plaintiffs Do Not Allege A Particularized Injury.**

11          Plaintiffs do not allege any injury that affects them "in a personal and individual way."

12  *Clark*, 899 F.3d at 809; *see also Spokeo I*, 136 S. Ct. at 1548.  As described above at Section II,

13  Plaintiffs complain of a computer expert exploiting a vulnerability in LocationSmart's former

14  website demo in May 2018, but there is no allegation that the vulnerability caused the location of

15  Plaintiffs' mobile phones to be obtained without their consent.  In fact, Plaintiffs merely allege

16  that the vulnerability allowed for the <u>possibility</u> that <u>someone's</u> location data could be obtained

17  without their consent:  "[A] security researcher at Carnegie Mellon University identified a

18  security flaw in Aggregator Defendant LocationSmart's online demonstration, which allowed

19  any member of the public to obtain real-time location information for AT&T customers, without

20  the customers' knowledge or consent."  (Compl. ¶ 54.)  To the extent this allegation could be

21  construed as a conclusory statement that a member of the public actually did obtain location data

22  without user consent, the Court should not accept that allegation as true because it is contradicted

23  by the very article Plaintiffs cite for the proposition.  *Steckman*, 143 F.3d at 1295-96.  As

24  described above at Section II, the article makes clear that Mr. Xiao only located the devices of

25  unnamed acquaintances who had given Mr. Xiao their consent to be located.

26          In *Cahen v. Toyota Motor Corp.*, 717 Fed. App'x. 720 (9th Cir. 2017) (*Cahen II*), the

27  Ninth Circuit Court of Appeals affirmed a dismissal by this Court under similar circumstances.

28  There, the plaintiffs had alleged that an article about a "security researcher" demonstrating a

STRADLING YOCCA
CARLSON & RAUTH
LAWYERS
NEWPORT BEACH

-7-

MOTION TO DISMISS

4851-5540-4194v11/012166-0026                                        Case No. 19-cv-04063-JD

successful hack created a credible risk of harm to them.  *Cahen v. Toyota Motor Corp.*, 147 F. Supp. 3d 955, 959 (N.D. Cal. 2015) (*Cahen I*).  Nevertheless, the plaintiffs did not have standing because their complaint "does not allege that <u>plaintiffs</u> have suffered a hacking attack, nor does it plead any facts that would establish that they face an increased risk of a future hacking attack on their vehicles <u>as opposed to other vehicle owners</u>."  *Id.* at 968 (emphasis added); *see also Cahen II*, 717 Fed. App'x. at 723-24 (affirming).  Here, Plaintiffs do not allege that their location data was subject to hacking, or that "they face an increased risk of a future hacking attack [on their location data] as opposed to other" mobile phone users.  *Id.*

Similarly, allegations of misuse of location data by 3C, Securus, Captira and CerCareOne are not particularized, as described above at Section II.  Plaintiffs have not alleged that those third parties obtained Plaintiffs' location data, or that Plaintiffs were even members of the specific groups of individuals targeted by those third parties, which allegedly included a state judge, a former sheriff, five state troopers, bondees, criminal suspects, fugitives, and bounty hunters' "girlfriends."  (Compl. ¶¶ 45-47, 51, 71.)  As a matter of law, the standing and jurisdictional analysis should end here with dismissal.

### b.     Plaintiffs Do Not Allege A Concrete Injury.

Plaintiffs make abstract and conclusory allegations of economic harm that are not concrete as a matter of law.  Plaintiffs claim that had they "known about the real-time location practices complained of herein, they would not have signed up for AT&T wireless cellphone service or would have paid less for its services."  (*Id.* ¶ 272.)  Plaintiffs further complain of "the resulting drains on their devices" and that they "are not getting the optimal performance of the mobile devices and carrier data packages they purchased."  (Compl. ¶ 274.)  But Plaintiffs concede that <u>they are still AT&T customers</u>.  (*Id.* ¶¶ 10-12.)  Moreover, courts have rejected this type of allegation for standing purposes.  *Cahen II*, 717 F. App'x at 723; *In re Apple Processor Litig.*, 366 F. Supp. 3d 1103, 1109 (N.D. Cal. 2019) (no standing where plaintiffs asserted that "all iDevices suffered from degraded performance"); *cf. Strumlauf v. Starbucks Corp.*, 192 F. Supp. 3d 1025, 1030 (N.D. Cal. 2016) (holding that plaintiffs sufficiently alleged facts to show

STRADLING YOCCA
CARLSON & RAUTH
LAWYERS
NEWPORT BEACH

-8-

MOTION TO DISMISS

4851-5540-4194v11/012166-0026

Case No. 19-cv-04063-JD

1    that Starbucks <u>uniformly</u> underfilled lattes and, therefore, it was reasonable to conclude that

2    plaintiffs' lattes were underfilled.)

3         As this Court very recently explained in similar circumstances:  "Plaintiffs here do not

4    allege facts to show their [mobile phones and data plans] are worth less than what they paid for

5    them.  Plaintiffs do not allege any facts about the market for their [mobile phones and data

6    plans].  Plaintiffs do not allege that [LocationSmart] posed such an immediate risk that they were

7    forced to replace or discontinue use of their [mobile phones and data plans].  Nor do Plaintiffs

8    allege that they were forced to replace or discontinue use of their [cellular phones and data plans]

9    due to the alleged degradation in performance.  Instead, Plaintiffs assert conclusory allegations

10   that they would not have purchased their [cellular phones and data plans], or paid the prices they

11   did." *In re Apple Processor*, 366 F. Supp. 3d at 1110 (applying the analysis to "iDevices"); *see*

12   *also Cahen II*, 717 F. App'x at 724.  Here, "[p]laintiffs have not identified a concrete harm from

13   the alleged collection and tracking of their personal information sufficient to constitute injury in

14   fact." *Cahen II*, 717 F. App'x at 971 (citations omitted).  Plaintiffs have not and cannot allege

15   facts sufficient to show that all AT&T customers, let alone they themselves, suffered uniform

16   devaluing of the services they paid for, diminished batteries, or harmful misuse of their devices'

17   location data without their consent.

18        Even if Plaintiffs did adequately allege some concrete harm, such harm is *de minimis*, and

19   therefore still insufficient to constitute an injury-in-fact.  This type of alleged generic impact on

20   batteries and data plans does not confer Article III standing.  *Hernandez v. Path, Inc.*, Case No.:

21   12-CV-01515 YGR, 2012 U.S. Dist. LEXIS 151035, at *2 & n.2 (N.D. Cal. Oct. 19,

22   2012); *LaCourt v. Specific Media, Inc.*, SACV 10-1256-GW(JCGx), 2011 U.S. Dist. LEXIS

23   50543, at *15 (C.D. Cal. Apr. 28, 2011) ("It is not obvious that Plaintiffs cannot articulate some

24   actual or imminent injury in fact.  It is just that at this point they haven't offered a coherent and

25   factually supported theory of what that injury might be.").

26        Plaintiffs also make speculative allegations of possible future injury.  (Compl. ¶ 147

27   ("Plaintiffs and many other AT&T customers are at substantial risk of: (i) further disclosure of

28   their personal information to additional third parties, (ii) disclosure of their personal information

STRADLING YOCCA
CARLSON & RAUTH
LAWYERS
NEWPORT BEACH

-9-

MOTION TO DISMISS

4851-5540-4194v11/012166-0026                                    Case No. 19-cv-04063-JD

via a data breach, and (iii) disclosure of past location data already obtained by the Aggregator

Defendants and/or additional unknown third parties.").)  This potential, hypothetical threat of

future harm because of possible risk to the Plaintiffs' personal information is insufficient to

confer Article III standing.  *Pirozzi v. Apple Inc.*, 913 F. Supp. 2d 840, 847 (N.D. Cal. 2012); *Cf.*

*Ree v. Zappos.com, Inc. (In re Zappos.com, Inc.)*, 888 F.3d 1020, 1029 (9th Cir. 2018)

(conferring standing where plaintiffs sufficiently alleged that hacker had stolen their personal

data, coupled with allegations that they suffered financial loss because of that theft); *Krottner v.*

*Starbucks Corp.*, 628 F.3d 1139, 1141-43 (9th Cir. 2010) (credible, threat of real, imminent harm

because of theft of laptop containing plaintiffs' unencrypted, personal data).

Here, Plaintiffs do not allege that LocationSmart's former website demo site threatens

future injury because of any ongoing vulnerability, and they cannot do so because LocationSmart

immediately fixed the vulnerability exploited by a computer expert in May 2018, then promptly

took the demo offline out of an abundance of caution.  And Plaintiffs cannot allege that

LocationSmart still has a relationship with AT&T that exposes them to harm.  Plaintiffs

acknowledge that in June 2018, AT&T announced that it would be ending its work with location

aggregators in a practical manner, but there is no allegation that AT&T failed to carry through on

that announcement by the time Plaintiffs filed the Complaint.  (Compl. ¶ 58, n.52.)  Plaintiffs

cannot make such an allegation because AT&T's relationship with LocationSmart ended well

before the Complaint was filed.  Plaintiffs cannot establish that LocationSmart caused, or will

cause, them to suffer an injury-in-fact for purposes of invoking federal jurisdiction.

> **2.**     **Plaintiffs Cannot Demonstrate An Alleged Injury Traceable To**
> **LocationSmart's Conduct And That A Favorable Ruling Would**
> **Provide Redress.**

Even if Plaintiffs' allegations of harm were particularized and concrete so as to constitute

an injury-in-fact, and they are not as described above, Plaintiffs do not adequately attribute that

harm to LocationSmart.  Instead, Plaintiffs blame third parties for intentionally obtaining

location data without user consent.  The allegations that those third parties were LocationSmart's

customers, or customers of LocationSmart's customers, do not support standing.  "In cases where

-10-

STRADLING YOCCA
CARLSON & RAUTH
LAWYERS
NEWPORT BEACH

MOTION TO DISMISS

4851-5540-4194v11/012166-0026                                              Case No. 19-cv-04063-JD

a chain of causation 'involves numerous third parties' whose 'independent decisions' collectively have a 'significant effect' on plaintiffs' injuries, the Supreme Court and this court have found the causal chain too weak to support standing at the pleading stage." *Maya*, 658 F.3d at 1070 (citing *Allen v. Wright*, 468 U.S. 737, 759 (1984); *San Diego County Gun Rights Comm. v. Reno*, 98 F.3d 1121, 1126 (9th Cir. 1996)). *See also DaimlerChrysler Corp. v. Cuno*, 547 U.S. 332, 344 (2006) (holding that taxpayers lacked Article III standing because their claim depended on the future conduct of third-party actors in response to hypothetical events); *Common Cause v. Biden*, 748 F.3d 1280, 1285 (D.C. Cir. 2014) (holding that plaintiff lacked standing because the "alleged injury was caused not by any of the defendants, but by an 'absent third party'"). Here, Plaintiffs purport to invoke a causal chain in which LocationSmart was just one of the alleged links between AT&T customers generally and "absent third part[ies]" that allegedly include 3Cinteractive, Securus, Captira, CerCareOne, law enforcement organizations, bail bond companies and bounty hunters targeting specific groups that do not include Plaintiffs. *Id.* That is not enough to confer standing. *Maya*, 658 F.3d at 1070.

*Cahen* is instructive here again. There, a putative class of consumers brought a class action against vehicle manufacturers, alleging that the manufacturers failed to disclose that their vehicles were susceptible to hacking and therefore risked disclosure of location data. *Cahen I*, 147 F. Supp. 3d at 955. The court declined to confer standing, holding that the plaintiff's claims were too speculative, as they hinged on the hypothetical conduct of third parties not in the litigation. *Id.* at 957. Indeed, courts typically "decline to abandon [the] usual reluctance to endorse standing theories that rest on speculation about the decisions of independent actors." *Clapper*, 133 S. Ct. at 1150; *see also id.* at 1150, n.5 ("[P]laintiffs bear the burden of pleading and proving concrete facts showing that the defendant's actual action has caused the substantial risk of harm. Plaintiffs cannot rely on speculation about the unfettered choices <u>made by independent actors not before the court[]</u>.") (emphasis added). Furthermore, while Plaintiffs do allege that <u>someone's</u> location data was taken without consent, not one of these allegations relates to LocationSmart. Indeed, the allegations concern LocationSmart's <u>customers'</u> failure to

STRADLING YOCCA
CARLSON & RAUTH
LAWYERS
NEWPORT BEACH

4851-5540-4194v11/012166-0026

1   obtain consent before requesting location data through LocationSmart's platform.  (*See e.g.*,

2   Compl. ¶¶ 50, 129, 198, 315.)

3        Finally, even if some alleged harm were traceable to LocationSmart, the injunctive relief

4   Plaintiffs seek—to "require cessation of [LocationSmart's] acts and practices complained of"—is

5   unnecessary.  (Compl. ¶ 343.)  As explained above, Plaintiffs do not, and cannot, allege that

6   LocationSmart continues to maintain its former website demo, or even that LocationSmart still

7   has access to location data from AT&T's cellular network.  Injunctive relief would be moot.

8            **3.      The Putative Class Lacks Standing Because No Individual Plaintiff**

9                 **Can Surpass The Constitutional Threshold.**

10       As discussed above, none of the Plaintiffs are able to establish standing.  Indeed, "if none

11  of the named plaintiffs purporting to represent a class establishes the requisite of a case or

12  controversy with the defendants, none may seek relief on behalf of himself or any other member

13  of the class." *Lierboe v. State Farm Mut. Auto. Ins. Co.*, 350 F.3d 1018, 1022 (9th Cir. 2003)

14  (citing *O'Shea v. Littleton*, 414 U.S. 488, 494 (1974)).  Because "[Plaintiffs] ha[ve] no [invasion

15  of privacy] claim, [they] cannot represent others who may have such a claim, and [their] bid to

16  serve as [] class representative[s]  must fail." *Id.*; *see also Lewis v. Casey*, 518 U.S. 343, 357

17  (1996) ("even named plaintiffs who represent a class 'must allege and show that they personally

18  have been injured, not that injury has been suffered by other, unidentified members of the class

19  to which they belong and which they purport to represent.'").  As no Plaintiff has standing, the

20  Court should dismiss the claims against LocationSmart to the extent they purport to be on behalf

21  of the class as well.

22       **C.      Plaintiffs Do Not Adequately Plead Invasion Of Privacy Against**

23            **LocationSmart.**

24            **1.      Plaintiffs Cannot Allege That LocationSmart Intentionally Intruded.**

25       California's Supreme Court has held that "[o]ne who <u>intentionally</u> intrudes, physically or

26  otherwise, upon the solitude or seclusion of another or his private affairs or concerns, is subject

27  to liability to the other for invasion of his privacy, if the intrusion would be highly offensive to a

28  reasonable person." *Shulman v. Group W Productions, Inc.*, 18 Cal. 4th 200, 231 (1998)

STRADLING YOCCA
CARLSON & RAUTH
LAWYERS
NEWPORT BEACH

-12-

MOTION TO DISMISS

4851-5540-4194v11/012166-0026                                    Case No. 19-cv-04063-JD

(emphasis added); *see also Banga v. Equifax Info. Servs., LLC*, No. 14-03038-WHO, 2015 U.S. Dist. LEXIS 79342, at *28 (N.D. Cal. June 18, 2015) (quoting *Shulman*, 18 Cal. 4th at 232) (granting motion for judgment on the pleadings).  As described above at Section II, the sole <u>intentional</u> acts of accessing location data without mobile user consent were allegedly committed by 3C, Securus, Securus's law enforcement customers, CerCareOne, Captira, and other third parties, not LocationSmart.  For this reason alone, the Court should dismiss Plaintiffs' claims against LocationSmart.

### 2. Plaintiffs Cannot Plausibly Accuse LocationSmart Of The "Egregious" Breach Of Social Norms Required Under State Law.

Because Plaintiffs allege both common law intrusion and the constitutional privacy claim, "it is appropriate to assess the two claims together and examine 'the largely parallel elements' of these two claims which call on the Court to consider '(1) the nature of any intrusion upon reasonable expectations of privacy, and (2) the offensiveness or seriousness of the intrusion, including any justification and other relevant interests.'"  *McDonald v. Aps*, 385 F. Supp. 3d 1022, 1037 (N.D. Cal. 2019) (Donato, J.) (citing *Hernandez v. Hillsides, Inc.*, 47 Cal. 4th 272, 288 (2009)).  The determination of the nature of an intrusion "requires consideration of all the circumstances of the intrusion, including its degree and setting and the intruder's motives and objectives."  *Shulman*, 18 Cal. 4th at 236.  To satisfy the second element, a defendant's alleged conduct "must be highly offensive to a reasonable person and sufficiently serious and unwarranted as to constitute an egregious breach of the social norms."  *McDonald*, 385 F. Supp. 3d at 1037 (internal quotations and citations omitted).  Plaintiffs cannot meet this test for LocationSmart.

"Even disclosure of personal information, including social security numbers, does not constitute an egregious breach of the social norms to establish an invasion of privacy claim."  *Low v. LinkedIn Corp.*, 900 F. Supp. 2d 1010, 1025 (N.D. Cal. 2012) (quotation omitted) (collecting cases); *White v. SSA*, 111 F. Supp. 3d 1041, 1053 (N.D. Cal. 2015).  Indeed, **"[e]ven *negligent* conduct that leads to theft of highly personal information**, including social security numbers, **does not approach the standard of actionable conduct under the**

STRADLING YOCCA
CARLSON & RAUTH
LAWYERS
NEWPORT BEACH

-13-

MOTION TO DISMISS

4851-5540-4194v11/012166-0026                                    Case No. 19-cv-04063-JD

**California Constitution and thus does not constitute a violation of Plaintiffs' right to**

**privacy**.")  *In re iPhone Application Litig.*, 844 F. Supp. 2d 1040, 1063 (N.D. Cal. 2012)

(*iPhone II*) (quotations omitted) (emphasis added).

With respect to mobile device location data, this Court has followed California's Court of

Appeal to hold that disclosure of such information is not an egregious breach of social norms.  In

*iPhone II*, "the information allegedly disclosed to third parties included the unique device

identifier number, personal data, and <u>geolocation information</u> from Plaintiffs' iDevices."  *Id.*

(emphasis added).  "Even assuming this information was transmitted without Plaintiffs'

knowledge and consent, a fact disputed by Defendants, such disclosure does not constitute an

egregious breach of social norms."  *Id.* (citing *Folgelstrom v. Lamps Plus, Inc.*, 195 Cal. App.

4th 986, 992 (2011)).  For this reason, the Court in *iPhone II* dismissed the plaintiffs' invasion of

privacy claims pursuant to Rule 12(b)(6).  *Id.  See also Yunker v. Pandora Media Inc.*, No.

11−03113−JSW, 2013 U.S. Dist. LEXIS 42691, at *15 (N.D. Cal. Mar. 26, 2013) (applying

*iPhone II* and *Fogelstrom* and granting motion to dismiss invasion of privacy claim premised on

disclosure of location data); *In re Google, Inc. Privacy Policy Litig.*, 58 F. Supp. 3d 968, 985

(N.D. Cal. 2014) ("Courts in this district have consistently refused to characterize the disclosure

of common, basic digital information to third parties as serious or egregious violations of social

norms."); *Fredenberg v. City of Fremont*, 119 Cal. App. 4th 408, 423 (2004).

For the same reasons, Plaintiffs' allegations against LocationSmart do "not approach the

standard of actionable conduct under the California Constitution and thus does not constitute a

violation of Plaintiffs' right to privacy."  *iPhone II,* 844 F. Supp. 2d at 1063 (citation omitted).

The same analysis applies to Plaintiffs' common law invasion of privacy claim.  *Mcdonald*, 385

F. Supp. 3d at 1037.  Plaintiffs cite articles, studies, and Congressional letters for their allegation

that the disclosure of location data is an egregious breach of social norms.  (Compl. ¶¶ 169-76.)

But Plaintiffs' claims require application of existing California law to a dispute between private

parties, not a policy debate.  The claims against LocationSmart should be dismissed.

STRADLING YOCCA
CARLSON & RAUTH
LAWYERS
NEWPORT BEACH

-14-

MOTION TO DISMISS

4851-5540-4194v11/012166-0026

Case No. 19-cv-04063-JD

### 3. Plaintiffs' Claims Are Barred By The Statute Of Limitations.

The statute of limitations for invasion of privacy is two years. Cal. Code of Civ. Proc. § 335.1. Plaintiffs' claims accrued when "their factual basis became accessible to [Plaintiffs] to the same degree as it was accessible to every other member of the public." *NBCUniversal Media, LLC v. Superior Court*, 225 Cal. App. 4th 1222, 1234 (2014) (citation omitted). Plaintiffs' own allegations describe and incorporate public reports from 2011 and 2012 about how AT&T allowed LocationSmart to facilitate third parties' access to mobile user location data. (*See Compl.* ¶¶ 84-90, Exhs. D, E; RJN at 2; Takouche Decl. ¶¶ 2,3, Exhs. 1, 2.) The reports disclosed that, among other things, LocationSmart's platform enabled access to location for 360 million mobile and landline devices, and that AT&T received payment from LocationSmart or the third parties as part of the arrangement. (*Id.*) The claims against LocationSmart should be dismissed pursuant to Rule 12(b)(6) for this reason alone. *Jablon v. Dean Witter & Co.*, 614 F.2d 677, 682 (9th Cir. 1980) ("If the running of the statute is apparent on the face of the complaint, the defense may be raised by a motion to dismiss.").

## IV. Conclusion.

For the foregoing reasons, LocationSmart requests that the Court dismiss all claims against it with prejudice, and without leave to amend. "A district court may deny a plaintiff leave to amend if it determines that allegation of other facts consistent with the challenged pleading could not possibly cure the deficiency . . . ." *Telesaurus VPC, LLC v. Power*, 623 F.3d 998, 1003 (9th Cir. 2010) (internal citation omitted). Plaintiffs cannot cure their deficiencies. For example, Plaintiffs cannot allege that <u>LocationSmart</u> engaged in conduct that was egregious as defined by California law, cannot plead around the statute of limitations, and cannot plead that LocationSmart continues to operate its website demo or have access to AT&T location data. (*See* Section III, *supra*.) Therefore, leave to amend would be futile.

Dated: September 11, 2019

STRADLING YOCCA CARLSON & RAUTH, P.C.
By:   */s/ Travis P. Brennan*
      Travis P. Brennan
      Karla Kraft
      Ahmad Takouche
Attorneys for Defendant TechnoCom Corp.

STRADLING YOCCA
CARLSON & RAUTH
LAWYERS
NEWPORT BEACH

-15-

MOTION TO DISMISS

4851-5540-4194v11/012166-0026

Case No. 19-cv-04063-JD