K. Lee Marshall, California Bar No.  277092
Daniel T. Rockey, California Bar No. 178604
Helen Looney, California Bar No. 324725
**BRYAN CAVE LEIGHTON PAISNER LLP**
Three Embarcadero Center, 7th Floor
San Francisco, CA  94111-4070
E-Mail: klmarshall@bclplaw.com
          daniel.rockey@bclplaw.com
          helen.looney@bclplaw.com

Attorneys for Defendant
ZUMIGO, INC.

IN THE UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO/OAKLAND DIVISION

| | |
|---|---|
| KATHERINE SCOTT, CAROLYN JEWEL, and GEORGE PONTIS, individually and on behalf of all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>AT&T INC.; AT&T SERVICES, INC.; AT&T MOBILITY, LLC; TECHNOCOM CORP.; and ZUMIGO, INC.<br><br>Defendants. | Case No. 19-cv-04063-JD<br><br>**DEFENDANT ZUMIGO, INC.'S JOINDER IN MOTION TO COMPEL ARBITRATION**<br><br>Date:          December 19, 2019<br>Time:          10:00 a.m.<br>Courtroom: 11<br>Judge:        Hon. James Donato<br>Date Action Filed:   July 16, 2019<br>Trial Date:   Not set |

Bryan Cave Leighton Paisner LLP
Three Embarcadero Center, 7th Floor
San Francisco, CA  94111-4070

BRYAN CAVE LEIGHTON PAISNER LLP
THREE EMBARCADERO CENTER, 7TH FLOOR
SAN FRANCISCO, CA  94111-4070

Defendant Zumigo, Inc. ("Zumigo") hereby joins in the motion by Defendants AT&T Services, Inc., AT&T Mobility LLC, and AT&T Inc. (collectively, "AT&T") to compel arbitration and to stay this Action pending the outcome of the arbitration.[1]

Zumigo joins in the motion to compel arbitration for all of the reasons set forth in AT&T's Memorandum of Points and Authorities filed by AT&T in support of its motion, which is hereby incorporated by reference.  Zumigo sets forth further argument below.

## I.    INTRODUCTION

As discussed in AT&T's motion to compel, Plaintiffs each entered into multiple contracts with AT&T that contained arbitration agreements, including the AT&T Terms of Service, the Customer Service Summary, and the Wireless Customer Agreement (collectively "the Agreement").  Through this Agreement, Plaintiffs contracted to received AT&T mobile service, and agreed to resolve their disputes in arbitration.  All arbitration provisions contained in the Agreement are both conspicuous and scrupulously fair to the mobile customer.  *See, e.g.,* Exhibit 1 to Decl. of Kevin Kelly, pages 16-17 of 24.

The arbitration agreement within the Agreement states that it is "to be broadly interpreted" and includes but is not limited to "claims arising out of or relating to any aspect of the relationship between us, whether based in contract, tort, statute, fraud, misrepresentation or any other legal theory."  *Id.*  Furthermore, it clarifies that "[r]eferences to 'AT&T,' 'you' and 'us' include our respective subsidiaries, affiliates, agents, employees, predecessors in interest, successors, and assigned, as well as all authorized or unauthorized users or beneficiaries or services or Device

---

[1] AT&T moved to compel arbitration on September 11, 2019 (*see* Document No. 35). Zumigo became aware of its right to compel arbitration after AT&T, as signatory to the applicable arbitration agreement, moved to compel, and has joined in the motion as soon as practicable.  In the interim, in accordance with the Joint Stipulation and Order Concerning the Briefing Schedule of Responsive Motions, Zumigo filed a Motion to Dismiss on September 11, 2019 on the grounds that this Court lacks subject matter jurisdiction over this Action.

Def. Zumigo, Inc.'s Joinder in Mot. to Compel Arbitration
CASE NO. 19-cv-04063-JD
Page 1

under this or prior Agreements between us." *Id.*  Thus, at the time Plaintiffs entered into an Agreement with AT&T for wireless service, they were put on notice that *any* dispute "arising out of or relating to any aspect of the[ir] relationship" with AT&T, including disputes with third parties, would be subject to mandatory arbitration.

## II.   ARGUMENT

Any dispute between Zumigo and Plaintiffs which arises out of Plaintiffs' contractual relationship with AT&T as wireless subscribers must be arbitrated because the principles of equitable estoppel compel arbitration in the interest of justice.  Plaintiffs sue here in their capacity as AT&T wireless subscribers, alleging that AT&T unlawfully permitted third parties, including Zumigo, to access location data that was generated as a result of Plaintiffs' wireless subscription with AT&T.  Indeed, the only conceivable connection between Plaintiffs, as AT&T wireless subscribers, and Zumigo, would arise as a result of Plaintiffs' wireless subscription Agreement with AT&T.  Plaintiffs are suing Zumigo for alleged conduct that is intertwined with both this Agreement and with the alleged conduct of AT&T—conduct which does not exist apart from the obligations under the Agreement.

This Court has held that a non-signatory to an arbitration agreement may invoke arbitration under certain circumstances.  Equitable estoppel allows a non-signatory to compel arbitration if two requirements are met: (1) the subject matter of the dispute must be "intertwined with the contract providing for arbitration"; and (2) there must be a "relationship among the parties of a nature that justifies a conclusion that the party which agreed to arbitrate with another entity should be estopped from denying an obligation to arbitrate a similar dispute with the adversary which is not a party to the arbitration agreement."  *In re Apple iPhone 3G Prod. Liab. Litig.*, 859 F. Supp. 2d 1084, 1096 (N.D. Cal. 2012).

BRYAN CAVE LEIGHTON PAISNER LLP
THREE EMBARCADERO CENTER, 7TH FLOOR
SAN FRANCISCO, CA  94111-4070

BRYAN CAVE LEIGHTON PAISNER LLP
THREE EMBARCADERO CENTER, 7TH FLOOR
SAN FRANCISCO, CA  94111-4070

Here, the dispute easily satisfies both prongs of the test.  First, Plaintiffs' claims against Zumigo[2] depend entirely upon Plaintiffs' contractual relationship with AT&T and AT&T's contractual relationship with Zumigo—namely, enabling requests/access to a mobile user's geolocation, using data from AT&T.  These geolocation services are expressly provided for in the Agreement.  *See, e.g.,* Exhibit 1 to Decl. of Kevin Kelly at page 7, "Location-Based Services." The Plaintiffs would not have access to Zumigo's services in the absence of their Agreement with AT&T.  *See In re Apple iPhone*, 859 F. Supp. 2d at 1096 ("it necessarily follows that Plaintiffs' allegations are 'intertwined' with their contracts with Defendant ATTM, insofar as Plaintiffs only had access to the ATTM 3G network because they had signed contracts with Defendant ATTM which granted them access to that network").  Indeed, Plaintiffs acknowledge as much by alleging, in their claims against Zumigo, that their expectation of privacy "is supported by AT&T and its agents' – the Aggregator Defendants'[3] – unique position to monitor Plaintiffs' and Class members' behavior through its access to Plaintiffs' and Class members' private mobile devices." Class Action Complaint, ¶303; ¶316.  Thus, the Plaintiffs' claims spring from the Agreement and their relationship with AT&T and cannot exist in a vacuum separate and apart from obligations imposed by the Agreement.

Second, Zumigo's presence in this suit depends entirely on its relationship with AT&T. The Plaintiffs allege no relationship with or connection to Zumigo outside of their contractual Agreement with AT&T.  Indeed, the two causes of action Plaintiffs assert against Zumigo – claims for Intrusion Upon Seclusion and for violation of the Constitutional Right of Privacy – do not even identify Zumigo individually by name, and are instead asserted collectively against "Defendants,"

---

[2] Plaintiffs allege that Zumigo intruded upon their seclusion and violated their right to privacy under the California Constitution as a result of allegedly accessing their geolocation without their consent.

[3] The term "Aggregator Defendants" refers to Zumigo and LocationSmart.

without any effort to differentiate between the Defendants. Class Action Complaint, ¶300 – 321. Plaintiffs' claims are inextricably intertwined with the obligations imposed by the Agreement between AT&T and the Plaintiffs. Justice therefore requires that Plaintiffs be estopped from denying their obligation to arbitrate this dispute with Zumigo.

Furthermore, in the interest of efficiency, order, and consistency, it stands to reason that all claims springing from this set of facts should be adjudicated in one setting; lest there be a serious risk of inconsistent or overlapping orders or judgments. It would be illogical to try Plaintiffs' two claims against Zumigo -- a minor defendant whose presence in the suit depends upon Plaintiffs' claims against AT&T -- in court, while Plaintiffs' primary claims against AT&T are heard in arbitration. Both fairness and logic would demand otherwise.

## III.    CONCLUSION

For the foregoing reasons, as well as those raised in AT&T's motion and incorporated herewith, Zumigo respectfully requests that the Court grant the motion to compel arbitration and stay the Action pending outcome of the arbitration.

Dated:      September 17, 2019          Respectfully submitted,

**BRYAN CAVE LEIGHTON PAISNER LLP**


By: /s/ Daniel Rockey
          Daniel Rockey

Attorneys for Defendants
ZUMIGO, INC.

BRYAN CAVE LEIGHTON PAISNER LLP
THREE EMBARCADERO CENTER, 7TH FLOOR
SAN FRANCISCO, CA 94111-4070