Travis P. Brennan, State Bar No. 238119
  tbrennan@sycr.com
Karla Kraft, State Bar No. 205530
  kkraft@sycr.com
Ahmad Takouche, State Bar No. 322911
  atakouche@sycr.com
STRADLING YOCCA CARLSON & RAUTH, P.C.
660 Newport Center Drive, Suite 1600
Newport Beach, CA 92660-6422
Telephone:  (949) 725-4000
Facsimile:  (949) 725-4100

Attorneys for Defendant
TechnoCom Corp.

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

**SAN FRANCISCO DIVISION**

| | |
|---|---|
| KATHERINE SCOTT, CAROLYN JEWEL, and GEORGE PONTIS, individually and on behalf of all others similarly situated,<br><br>Plaintiffs,<br><br>vs.<br><br>AT&T INC.; AT&T SERVICES, INC.; AT&T MOBILITY, LLC; TECHNOCOM CORP.; and ZUMIGO, INC.,<br><br>Defendants. | Case No. 3:19-cv-04063-JD<br><br>**DEFENDANT TECHNOCOM CORP.'S JOINDER IN MOTION OF DEFENDANTS AT&T, INC., AT&T SERVICES, INC., AND AT&T MOBILITY, LLC TO COMPEL ARBITRATION AND STAY PROCEEDINGS**<br><br>Date:  December 19, 2019<br>Time:  10:00 a.m.<br>Judge:  Hon. James Donato<br>Location:  San Francisco Courthouse<br>         Courtroom 11, 19th Floor<br>         450 Golden Gate Avenue<br>         San Francisco, CA 94102<br><br>Complaint Filed:  July 16, 2019<br>Trial Date:  Not set |

STRADLING YOCCA
CARLSON & RAUTH
LAWYERS
NEWPORT BEACH

-1-

DEF. TECHNOCOM CORP.' JOINDER IN MOTION TO COMPEL ARBITRATION
4841-3609-7702v2/012166-0026                                                      Case No. 19-cv-04063-JD

## I. INTRODUCTION

Defendant TechnoCom, Corp. dba LocationSmart ("LocationSmart") hereby joins in the September 11, 2019 motion by Defendants AT&T Services, Inc., AT&T Mobility LLC, and AT&T Inc. (collectively, "AT&T") to compel arbitration and to stay this action pending the outcome of the arbitration (the "Motion"). (Dkt. No. 35.) LocationSmart joins in the Motion for all of the reasons set forth in AT&T's memorandum of points and authorities supporting the Motion (*id*.) and in Defendant Zumigo's joinder to the Motion (Dkt. No. 43), both of which are hereby incorporated by reference.

LocationSmart is joining the Motion as soon as practicable. Plaintiffs' Complaint alleges that LocationSmart was acting as AT&T's agent, and the arbitration provisions relied upon in AT&T's Motion cover claims "arising out of or relating to any aspect of the relationship" between Plaintiffs and AT&T, including claims involving AT&T's "agents." Like Zumigo, LocationSmart believes that California's equitable estoppel doctrine warrants ordering <u>all</u> parties to arbitration under these circumstances.

## II. RELEVANT BACKGROUND

Plaintiffs filed their Complaint on July 26, 2019. (Dkt. 1.) The Complaint alleges, among other things, that: "Each of the Aggregator Defendants [LocationSmart and Zumigo] work as an agent of AT&T." (Compl. ¶ 29.) Four of Plaintiffs' six causes of action are alleged against AT&T exclusively. (*Id*. at pp. 66, 68, 73, 75.) The other two causes of action—common law intrusion upon seclusion and violation of the California Constitutional Right to Privacy—are simply alleged "As to All Defendants," which encompasses AT&T, Zumigo and LocationSmart. (*Id*. at pp. 70, 72.)

On August 9, 2019, the Court approved the parties' stipulation regarding the deadline for Defendants to file responses to the Complaint and a related briefing schedule. (Dkt. 23.) On September 11, 2019, consistent with that stipulation, LocationSmart filed a motion to dismiss the Complaint pursuant to Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6). (Dkt. 39.) That same day, AT&T filed its Motion to compel arbitration and stay proceedings. (Dkt. 35.) The Motion and the supporting Declaration of Kevin Kelly (the "Kelly Decl.," Dkt. 35-10) explained

-2-

STRADLING YOCCA
CARLSON & RAUTH
LAWYERS
NEWPORT BEACH

DEF. TECHNOCOM CORP.' JOINDER IN MOTION TO COMPEL ARBITRATION
4841-3609-7702v2/012166-0026                                    Case No. 19-cv-04063-JD

that Plaintiffs each entered into multiple contracts with AT&T that contained arbitration agreements, including the AT&T Terms of Service, the Customer Service Summary, and the Wireless Customer Agreement (collectively "the Agreement").  (Kelly Decl. ¶¶ 3-9, Exhs. 1-7.)  Plaintiffs contracted to receive AT&T mobile service, and agreed to resolve their disputes in arbitration.  (Kelly Decl., Exh. 1 pp. 16-17.)

The arbitration provision is "to be broadly interpreted." (*Id.*)  Moreover, the provision makes clear that any "claims arising out of or relating to any aspect of the relationship between us, whether based in contract, tort, statute, fraud, misrepresentation or any other legal theory" are subject to arbitration.  (*Id.*)  Upon reviewing AT&T's Motion, LocationSmart observed that the Agreement extended Plaintiffs' obligation to arbitrate to claims involving certain third parties.  The Agreement specifies that "[r]eferences to 'AT&T,' 'you' and 'us' include our respective subsidiaries, affiliates, <u>agents</u>, employees, predecessors in interest, successors, and assigns, as well as all authorized or unauthorized users or beneficiaries or services or Device under this or prior Agreements between us." (*Id*. (emphasis added).)

**III.  ARGUMENT**

"A litigant who is not a party to an arbitration agreement may invoke arbitration under the FAA if the relevant state contract law allows the litigant to enforce the agreement.  *See Arthur Andersen LLP v. Carlisle*, 556 U.S. 624, 632 (2009).  Here, the relevant law is that of California.  (*See, e.g.*, Kelly Decl. Exh. 7 at § 10.3.2 ("The law of the state of your billing address shall govern this Agreement . . .").)  California law holds that a non-signatory to an arbitration agreement may invoke arbitration under the doctrine of equitable estoppel.  *Goldman v. KPMG, LLP*, 173 Cal. App. 4th 209, 218-19 (2009).  A non-signatory may compel arbitration where: (1) the subject matter of the dispute is "intertwined with the contract providing for arbitration;" and (2) there is a "relationship among the parties of a nature that justifies a conclusion that the party which agreed to arbitrate with another entity should be estopped from denying an obligation to arbitrate a similar dispute with the adversary which is not a party to the arbitration agreement." *In re Apple iPhone 3G Prod. Liab. Litig.*, 859 F. Supp. 2d 1084, 1096 (N.D. Cal. 2012).

STRADLING YOCCA
CARLSON & RAUTH
LAWYERS
NEWPORT BEACH

-3-

DEF. TECHNOCOM CORP.' JOINDER IN MOTION TO COMPEL ARBITRATION
4841-3609-7702v2/012166-0026                                                            Case No. 19-cv-04063-JD

This dispute meets both elements of that test.  The subject matter of Plaintiffs' claims against LocationSmart are "intertwined with the contract providing for arbitration" because Plaintiffs allege that LocationSmart acted "as an agent of AT&T" (Compl. ¶ 29), and the Agreement defines claims subject to arbitration to include those against AT&T's "agents" (*See, e.g.*, Kelly Decl., Exh. 1 pp. 16-17).  Moreover, the dispute depends entirely upon Plaintiffs' contractual relationship with AT&T and AT&T's contractual relationship with LocationSmart.  Every single services agreement that AT&T's Motion relies upon contains a discreet provision regarding the use of Plaintiffs' devices' location information, including the sharing of that information to facilitate location-based services.  (*See, e.g.*, *Id.*, Exh. 1, p. 4; Exh. 2, p. 4; Exh. 3, p. 4)  Indeed, AT&T's more recent user agreements place the use of location information <u>front and center</u>:

> PLEASE READ THIS AGREEMENT CAREFULLY TO ENSURE THAT YOU UNDERSTAND EACH PROVISION, **INCLUDING OUR USE OF YOUR LOCATION INFORMATION** (SEE SECTION 3.6). THIS AGREEMENT REQUIRES THE USE OF ARBITRATION ON AN INDIVIDUAL BASIS TO RESOLVE DISPUTES, RATHER THAN JURY TRIALS OR CLASS ACTIONS, AND ALSO LIMITS THE REMEDIES AVAILABLE TO YOU IN THE EVENT OF A DISPUTE.

(*Id.*, Exh. 4, p. 6; Exh. 5, p. 6; Exh. 6, p. 6; Exh. 7, p. 6.)  Section 3.6 referenced in this clause states, among other things, "[y]our Device is also capable of using optional Content at your request or the request of a user on your account, offered by AT&T **or third parties that make use of a Device's location information** ("Location-Based Services")."  (*Id.* at § 3.6) (emphasis added).)

But for Plaintiffs' Agreement with AT&T, LocationSmart would not even have been in a position to access the cellular network location data for Plaintiffs' mobile devices, had one of LocationSmart's customers requested that data for a location-based service.  *See In re Apple iPhone*, 859 F. Supp. 2d at 1096 ("it necessarily follows that Plaintiffs' allegations are 'intertwined' with their contracts with Defendant [AT&T], insofar as Plaintiffs only had access to the [AT&T] network because they had signed contracts with Defendant [AT&T] which granted them access to that network").  In fact, Plaintiffs allege (without substantiation) that their expectation of privacy "is supported by AT&T and [LocationSmart]'s– unique position to

STRADLING YOCCA
CARLSON & RAUTH
LAWYERS
NEWPORT BEACH

-4-

DEF. TECHNOCOM CORP.' JOINDER IN MOTION TO COMPEL ARBITRATION

4841-3609-7702v2/012166-0026    Case No. 19-cv-04063-JD

1 monitor Plaintiffs' and Class members' behavior through its access to Plaintiffs' and Class
2 members' private mobile devices." (Compl. ¶¶ 303, 316.)

3     Indeed, LocationSmart's presence as a defendant depends entirely on <u>its</u> relationship with
4 AT&T. LocationSmart is named in the Complaint only because of Plaintiffs' unsubstantiated
5 allegations that "AT&T works with location data aggregator companies which specialize in the
6 commercial sale of location data for widespread purposes. AT&T uses these aggregators,
7 including Aggregator Defendant[] LocationSmart [], to manage the sale of its data to thousands
8 of entities." (*Id.* ¶ 4.) Plaintiffs included LocationSmart as a defendant in this case for the sole
9 reason that it was a link in the chain of data sharing that Plaintiffs argue is the basis for their
10 claims. (*Id.* ¶¶ 44, 66.) The two causes of action encompassing LocationSmart purport to turn
11 on that link, as they are alleged "As to All Defendants," including AT&T. (Id. at pp. 70, 72.)
12 Given LocationSmart's relationship with AT&T in the context of this suit, Plaintiffs "should be
13 estopped from denying an obligation to arbitrate" not just a "similar dispute," but the same two
14 causes of action, "with the adversary which is not a party to the arbitration agreement," <u>i.e.</u>,
15 LocationSmart. *In re Apple iPhone*, 859 F. Supp. 2d at 1096. Ordering Plaintiffs and AT&T,
16 but not LocationSmart and Zumigo, to arbitration would present a serious and unnecessary risk
17 of inconsistent or overlapping orders or judgments.

18     For these reasons, principles of equity and justice warrant applying Plaintiffs' obligation
19 to arbitrate to their claims against LocationSmart, in addition to Plaintiffs' claims against AT&T
20 and Zumigo.

21 **IV. CONCLUSION**

22     For the foregoing reasons, LocationSmart respectfully requests that the Court grant the
23 Motion to compel arbitration, order Plaintiffs' claims against all Defendants to arbitration, and
24 stay the action pending the outcome of arbitration.

25 Dated: September 20, 2019       STRADLING YOCCA CARLSON & RAUTH, P.C.

26        By: */s/ Travis P. Brennan*
27            Travis P. Brennan
       Attorneys for Defendant TechnoCom Corp.

28

STRADLING YOCCA
CARLSON & RAUTH
LAWYERS
NEWPORT BEACH

-5-

DEF. TECHNOCOM CORP.' JOINDER IN MOTION TO COMPEL ARBITRATION
4841-3609-7702v2/012166-0026    Case No. 19-cv-04063-JD