Sara B. Brody (SBN 130222)
sbrody@sidley.com
Stephen Chang (SBN 312580)
stephen.chang@sidley.com
SIDLEY AUSTIN LLP
555 California Street, Suite 2000
San Francisco, California  94104
Telephone: +1 (415) 772-1200
Facsimile: +1 (415) 772-7400

Angela C. Zambrano (*Pro Hac Vice*)
angela.zambrano@sidley.com
Robert S. Velevis (*Pro Hac Vice*)
rvelevis@sidley.com
SIDLEY AUSTIN LLP
2021 McKinney Avenue, Suite 2000
Dallas, TX  75201
Telephone: +1 (214) 981-3300
Facsimile: +1 (214) 981-3400

*Attorneys for Defendants*
AT&T SERVICES INC. and AT&T MOBILITY, LLC

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| KATHERINE SCOTT, CAROLYN JEWEL, and GEORGE PONTIS, individually and on behalf of all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>AT&T INC.; AT&T SERVICES, INC.; AT&T MOBILITY, LLC; TECHNOCOM CORP.; and ZUMIGO, INC.,<br><br>Defendants. | Case No. 19-cv-4063-SK<br><br>**DEFENDANTS' NOTICE OF MOTION AND MOTION TO DISMISS UNDER RULE 12(B)(1); MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF**<br><br>Date:  January 13, 2020<br>Time:  9:30 a.m.<br>Location: Ctrm C, 15th Floor (San Francisco)<br>Judge:  Hon. Sallie Kim |

DEFENDANTS' 12(B)(1)  MOTION TO DISMISS—19-cv-4063-SK

**NOTICE OF MOTION AND MOTION**

PLEASE TAKE NOTICE THAT on January 13, 2020, at 9:30 a.m., or as soon thereafter as counsel may be heard, before Magistrate Judge Sallie Kim, in Courtroom C on the 15th Floor of the United States District Court for the Northern District of California, located at 450 Golden Gate Avenue, San Francisco, California 94102, Defendants AT&T Services, Inc. and AT&T Mobility LLC (collectively, "Defendants" or "AT&T") will and hereby do move the Court to dismiss Plaintiffs' requests for injunctive relief concerning the provision of geolocation data to aggregators.

This motion is brought pursuant to Rule 12(b)(1) of the Federal Rules of Civil Procedure and supporting case law, on the grounds that the Court lacks subject-matter jurisdiction over Plaintiffs' requests for injunctive relief concerning the provision of geolocation data to aggregators.[1]  AT&T seeks an Order from the Court dismissing Plaintiffs' requests for injunctive relief concerning the provision of geolocation data to aggregators for lack of subject-matter jurisdiction.

---

[1] AT&T moved to compel arbitration regarding Plaintiffs' claims.  This motion is without prejudice to the arbitration motion; any claims for which this Court has subject-matter jurisdiction should be compelled to arbitration.

**MEMORANDUM OF POINTS AND AUTHORITIES**

### I.  PRELIMINARY STATEMENT

Plaintiffs Katherine Scott, Carolyn Jewel, and George Pontis ("Plaintiffs") seek an injunction prohibiting AT&T from engaging in conduct that AT&T stopped before Plaintiffs filed this lawsuit. Specifically, Plaintiffs bring this class action lawsuit alleging AT&T disclosed their geolocation information to third-party data aggregators without the Plaintiffs' consent and seek an injunction concerning that alleged conduct.

The Court, however, lacks subject matter jurisdiction with respect to Plaintiffs' injunction request because Plaintiffs lack standing to pursue such relief. *See Cetacean Cmty. v. Bush*, 386 F.3d 1169, 1174 (9th Cir. 2004) ("A [claim] brought by a plaintiff without Article III standing is not a 'case or controversy,' and an Article III federal court therefore lacks subject matter jurisdiction over the [claim]").  As AT&T told the Federal Communications Commission ("FCC") and as was publicly announced, AT&T no longer provided geolocation information to data aggregators as of March 29, 2019.  Accordingly, Plaintiffs lack standing to seek injunctive relief regarding conduct that AT&T ceased before the lawsuit was filed.  *See Smart v. Sony Corp. of Am., Inc.*, No. 08-CV-2276 W WVG, 2010 WL 11508565, at *4 (S.D. Cal. Aug. 6, 2010) ("An injunction ordering Defendants to stop a practice it has already stopped is unnecessary and improper under the requirements for standing.").[2]

### II.  STATEMENT OF ISSUE PRESENTED

Whether the Court has subject-matter jurisdiction over the Plaintiffs' requests for injunctive relief based on conduct that AT&T ceased before Plaintiffs filed this lawsuit.

### III.  RELEVANT FACTS

Plaintiffs allege they are customers with AT&T's wireless service.  (Compl. ¶¶ 10–12). Plaintiffs filed this class action lawsuit alleging "their location data was sold to [data aggregators] and additional unknown third parties without their consent." (*Id.* ¶ 146).  Plaintiffs allege "AT&T uses

---

[2] Plaintiffs' Complaint is also factually wrong; none of their information was produced without their consent. Thus, they will not be able to establish any claim for damages. But that is not an issue that goes to the subject-matter jurisdiction of this Court, and is an issue that should be resolved in arbitration.

[data] aggregators, including Aggregator Defendants LocationSmart and Zumigo,[3] to manage the sale of its data to thousands of entities." (*Id.* ¶ 4). Plaintiffs allege that AT&T "sold its customers' real-time location data to third-party aggregators knowing that once sold, that sensitive location data would later enter the marketplace where it could be used for nefarious purposes." (*Id.* ¶ 9).

Specifically, Plaintiffs allege "AT&T gives each Aggregator Defendant the right to contract with third parties to access AT&T location data on AT&T's behalf." (*Id.* ¶ 29). Plaintiffs further allege that "AT&T granted direct access to [real-time location] data to the Aggregator Defendants, who in turn sold such access to hundreds of third parties . . . ." (*Id.* ¶ 82). Plaintiffs allege that "[i]n addition to failing to obtain customers' consent before sharing their location data with the Aggregator Defendants, AT&T also failed to obtain consent before allowing the Aggregator Defendants to share the data with *additional* third parties." (*Id.* ¶ 195). Plaintiffs further allege that AT&T made "misrepresentations and omissions concerning its sale of access to and safeguarding of customers' real-time location data." (*Id.* ¶ 340). Plaintiffs allege that "AT&T repeatedly represented that it would stop selling access to Plaintiffs' and similarly situated customers' location data to the Aggregator Defendants and all third parties." (*Id.* ¶ 254).

Plaintiffs seek injunctive relief requiring a "cessation of [AT&T's] acts and practices." (*Id.* ¶ 343). Plaintiffs allege "[n]ot only has AT&T's customers' private location information been disclosed to unauthorized parties—including [data aggregators]—but AT&T customers are also at a substantial risk of additional, imminent future harm." (*Id.* ¶ 147). However, as of March 29, 2019—almost four months before Plaintiffs commenced this action—AT&T no longer provided geolocation information to any data aggregators, the very action that Plaintiffs filed this lawsuit to stop. (Hill Decl. ¶ 3). AT&T specifically addressed this in a letter to Commissioner Jessica Rosenworcel at the FCC. (*Id.* at Ex. 1).[4]

---

[3] Plaintiffs have voluntarily dismissed the Aggregator Defendants TechnoCom Corp. and Zumigo, Inc. from this case. (ECF No. 60).

[4] Because geolocation information from mobile phones comes from several sources, to be clear, the geolocation information that is used by mobile phone apps, such as Google Maps and Waze, is not provided by AT&T and thus is not at issue in this lawsuit. Plaintiffs' Complaint only concerns AT&T's provision of geolocation information to data aggregators, which is different from data created by a mobile phone itself (not AT&T) and the phone's GPS provides data directly to apps on that phone.

## IV. ARGUMENT AND AUTHORITIES

### A. Legal Standard

Under Federal Rule of Civil Procedure 12(b)(1), a court must dismiss a claim if the Court lacks subject-matter jurisdiction. Fed. R. Civ. P. 12(b)(1). Under Article III of the Constitution, plaintiffs must establish standing to bring a claim in federal court. *See Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560–61 (1992). Plaintiffs have the burden to show they have standing separately for each form of relief requested. *See Davidson v. Kimberly-Clark Corp.*, 889 F.3d 956, 961 (9th Cir.), *cert. denied*, 139 S. Ct. 640 (2018). If plaintiffs fail to show they have standing to pursue injunctive relief, the Court lacks subject-matter jurisdiction over the request for injunctive relief. *See White v. Lee*, 227 F.3d 1214, 1242 (9th Cir. 2000). To establish standing, plaintiffs must show that the injury is "likely to be redressed by a favorable decision." *Bates v. United Parcel Serv., Inc.*, 511 F.3d 974, 985 (9th Cir. 2007) (quoting *Lujan*, 504 U.S. at 560–61). "Once a plaintiff has been wronged, he is entitled to injunctive relief only if he can show that he faces a 'real or immediate threat . . . that he will again be wronged in a similar way.'" *Mayfield v. United States*, 599 F.3d 964, 970 (9th Cir. 2010) (quoting *City of Los Angeles v. Lyons*, 461 U.S. 95, 111 (1983)). Further, to establish standing, plaintiffs must show a "'substantial likelihood' that the relief sought would redress the injury." *Id.* (citing *Johnson v. Stuart*, 702 F.2d 193, 196 (9th Cir. 1983)).

In a jurisdictional challenge to the face of a complaint, the Court takes all factual allegations in the complaint as true and draws all reasonable inferences in plaintiffs' favor. *Pride v. Correa*, 719 F.3d 1130, 1133 (9th Cir. 2013). However, in a factual attack on subject-matter jurisdiction, the Court "may review evidence beyond the complaint without converting the motion to dismiss into a motion for summary judgment." *Safe Air for Everyone v. Meyer*, 373 F.3d 1035, 1039 (9th Cir. 2004). "Once the moving party has converted the motion to dismiss into a factual motion by presenting affidavits or other evidence properly brought before the court, the party opposing the motion must furnish affidavits or other evidence necessary to satisfy its burden of establishing subject matter jurisdiction." *Savage v. Glendale Union High Sch., Dist. No. 205, Maricopa Cty.*, 343 F.3d 1036, 1040 n.2 (9th Cir. 2003).

**B.      Plaintiffs Lack Standing to Assert Claims for Injunctive Relief.**

The Court should dismiss Plaintiffs' requests for injunctive relief because Plaintiffs lack standing to seek such relief. Plaintiffs cannot show a "real or imminent threat of injury" in connection with conduct that AT&T stopped months before Plaintiffs filed this lawsuit. *See EduMoz, LLC v. Republic of Mozambique*, No. CV1302309MMMCWX, 2015 WL 13697385, at *20 (C.D. Cal. Apr. 20, 2015) (dismissing request for injunctive relief for lack of standing and finding no real or immediate threat of conduct recurring when defendants' purportedly unlawful conduct had ceased). Plaintiffs also cannot show a "substantial likelihood" that an injunction prohibiting AT&T from engaging in conduct it no longer engages in will redress Plaintiffs' alleged injuries. *See Mayfield*, 599 F.3d at 970. Plaintiffs therefore lack standing to seek injunctive relief prohibiting AT&T from providing geolocation information to data aggregators. *See Miller v. Time Warner Cable, Inc.*, No. 8:16-cv-00329-CAS) (ASX), 2016 WL 7471302, at *3 (C.D. Cal. Dec. 27, 2016); *Matera v. Google Inc.*, No. 15-CV-04062-LHK, 2016 WL 5339806, at *15–16 (N.D. Cal. Sept. 23, 2016). Plaintiffs further lack standing to seek injunctive relief prohibiting AT&T from making false statements in connection with providing geolocation information to data aggregators because those alleged misrepresentations relate to conduct that AT&T stopped before Plaintiffs filed this lawsuit. *See Smart*, 2010 WL 11508565, at *4 (dismissing request for injunctive relief prohibiting defendant from making false representations in connection with a product that defendant no longer sold). Multiple district courts have dismissed claims for similar types of injunctive relief for lack of standing when the conduct at issue stopped before the plaintiffs filed suit. *See Miller*, 2016 WL 7471302, at *4; *Matera*, 2016 WL 5339806, at *15; *Smart*, 2010 WL 11508565, at *4.

For example, in *Miller*, the plaintiff, Vanessa Miller ("Miller"), brought suit against Time Warner Cable ("TWC") alleging she received repeated, unsolicited calls from TWC. *Miller*, 2016 WL 7471302, at *1. Miller brought claims for violations of the Telephone Consumer Protection Act seeking both injunctive relief and damages. *Id.* TWC moved to dismiss the request for injunctive relief contending Miller lacked standing because TWC had stopped making unsolicited calls to Miller before Miller brought suit. *Id.* at *2. In support of this contention, TWC presented a declaration showing that it had not called Miller for at least eight months before Miller filed the lawsuit. *Id.* The

1  Court held Miller lacked standing to seek injunctive relief because the risk TWC would continue to
2  make unsolicited phone calls to Miller's phone was too speculative based on TWC's evidence that
3  Miller had not received an unsolicited call in eight months. *Id.* at \*4. The Court therefore dismissed
4  Miller's request for injunctive relief for lack of standing. *Id.*

5  In *Matera*, the plaintiff sought "to enjoin Google from intercepting, scanning, and analyzing"
6  emails sent or received from Google Apps for Education users. *Matera*, 2016 WL 5339806, at \*15.
7  Google moved to dismiss this request for injunctive relief contending plaintiff lacked standing. *Id.* at
8  \*14. The Court noted "Google has confirmed that Google ceased intercepting and scanning, for
9  advertising purposes, the contents of emails processed via Google Apps for Education." *Id.* at \*15.
10 The Court relied on a statement made by Google in a different case and noted that this type of scanning
11 had stopped before plaintiff filed suit; "[s]o in other words, the practice at issue stopped." *Id.* (citing
12 *Corley v. Google, Inc.*, 16-CV-00473-LHK, ECF No. 73 at 17 (N.D. Cal. 2016)). The Court therefore
13 held there was no "real and immediate threat of repeated injury in the future" and thus plaintiff lacked
14 standing to enjoin Google from intercepting, scanning, and analyzing emails in this manner. *Id.* at
15 \*16. The Court granted Google's motion to dismiss and held that plaintiff lacked standing to assert a
16 claim for an injunction as it related to Google Apps for Education. *Id.*

17 In *Smart*, the plaintiffs sought injunctive relief prohibiting Defendants from making untrue
18 and misleading advertisements regarding alleged defective televisions. *Smart*, 2010 WL 11508565,
19 at \*4. Defendants moved to dismiss plaintiffs' injunctive relief claim contending plaintiffs lacked
20 standing because Defendants no longer marketed, manufactured, or sold the alleged defective
21 televisions. *Id.* at \*3. The Court reasoned that "[t]he chances that Defendants will disseminate false
22 representations, in order to induce customers to purchase a television they have not produced in several
23 years, are not high." *Id.* at \*4. The Court therefore held plaintiffs lacked standing to bring a request
24 for injunctive relief prohibiting Defendants from making misrepresentations about a product it no
25 longer manufactured. *Id.* The Court thus dismissed the injunctive relief claim for lack of standing.
26 *Id.*

27 The request for injunctive relief here suffers from the same defect as the injunction claims
28 dismissed in *Miller*, *Matera*, and *Smart*. Plaintiffs seek an injunction prohibiting AT&T from

engaging in conduct (providing geolocation information to data aggregators and allegedly making misrepresentations to consumers about that information sharing) that AT&T stopped—and publicly announced that it had stopped—nearly four months before Plaintiffs filed this lawsuit. (Hill Decl. ¶ 3). Thus, even if AT&T had improperly shared Plaintiffs' geolocation information or misrepresented its then-current information-sharing practices—and it did not—Plaintiffs cannot meet their burden to prove that there is now a "real or immediate threat" that they "will be wronged in a similar way"—as they must in order to carry their burden to establish standing. *Mayfield*, 599 F.3d at 970. That burden is even harder to satisfy in this case in light of AT&T's representations to the public and the FCC.[5] Accordingly, the Court lacks subject-matter jurisdiction over Plaintiffs' requests for injunctive relief.

## V.    CONCLUSION AND REQUESTED RELIEF

For the reasons above, Defendants respectfully request that this Court grant Defendants' 12(b)(1) Motion to Dismiss and dismiss Plaintiffs' requests for injunctive relief concerning the provision of geolocation data to aggregators. Defendants respectfully request any other relief to which they are justly entitled.

/ /

/ /

---

[5] Because as of March 29, 2019, AT&T no longer provided geolocation information to data aggregators, Plaintiffs' request for injunctive relief prohibiting AT&T from making misrepresentations in connection with providing geolocation information to data aggregators is derivative of conduct that AT&T already stopped before Plaintiffs filed this lawsuit. The Court therefore lacks subject-matter jurisdiction over Plaintiffs' requests for injunctive relief both to prohibit AT&T from (1) providing geolocation information to data aggregators; and (2) making misrepresentations in connection with providing information to data aggregators.

| | |
|---|---|
| Dated:  November 27, 2019 | Respectfully submitted, |
| | SIDLEY AUSTIN LLP |
| | By:  /s/ Angela Zambrano |
| | Angela Zambrano |
| | *Admitted pro hac vice* |
| | Robert Velevis |
| | *Admitted pro hac vice* |
| | SIDLEY AUSTIN LLP |
| | 2021 McKinney Avenue, Suite 2000 |
| | Dallas, Texas 75201 |
| | Telephone:  (214) 981-3300 |
| | Facsimile:  (214) 981-3400 |
| | |
| | Sara B. Brody |
| | Stephen Chang |
| | SIDLEY AUSTIN LLP |
| | 555 California Street, Suite 2000 |
| | San Francisco, California 94104 |
| | Telephone:  (415) 772-1200 |
| | Facsimile:  (415) 772-7400 |
| | |
| | *Attorneys for Defendants AT&T Services, Inc. and AT&T Mobility, LLC* |