Shana Scarlett (State Bar No. 217895)
Benjamin Siegel (State Bar No. 256260)
HAGENS BERMAN SOBOL SHAPIRO LLP
715 Hearst Avenue, Suite 202
Berkeley, CA 94710
Tel: (510) 725-3000

Aaron Mackey (State Bar No. 286647)
Andrew Crocker (State Bar No. 291596)
Adam D. Schwartz (State Bar No. 309491)
ELECTRONIC FRONTIER FOUNDATION
815 Eddy Street
San Francisco, CA 94109
Tel: (415) 436-9333

*Attorneys for Plaintiffs and
the Proposed Class*

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| KATHERINE SCOTT, CAROLYN JEWEL, and GEORGE PONTIS, individually and on behalf of all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>AT&T INC.; AT&T SERVICES, INC.; AT&T MOBILITY, LLC; TECHNOCOM CORP.; and ZUMIGO, INC.,<br><br>Defendants. | No. 3:19-cv-04063-SK<br><br>**PLAINTIFFS' STATEMENT OF RECENT AUTHORITY** |

The plaintiffs hereby provide notice to the Court that on August 10, 2020, the court in *McGovern v. U.S. Bank N.A.*, No. 18-CV-1794-CAB-LL (S.D. Cal.), granted a motion for reconsideration of its 2019 decision granting defendant's motion to compel arbitration. The 2019 *McGovern* decision, *McGovern v. U.S. Bank N.A.*, 362 F. Supp. 3d 850, 857-58 (S.D. Cal. 2019), is cited by AT&T in its motion to compel arbitration. ECF No. 35 at 3. In its August 2020 order, the court reversed itself, rescinding its order compelling arbitration and denying the defendant's motion to compel arbitration in light of the Ninth Circuit's decision in *McArdle v. AT&T Mobility LLC*, 772 F. App'x 575 (9th Cir. 2019), *cert. denied*, No. 19-1078, 2020 WL 2814785 (U.S. June 1, 2020) and *Blair v. Rent-A-Ctr., Inc.*, 928 F.3d 819 (9th Cir. 2019).

Attached hereto as Attachment A is a copy of the August 2020 *McGovern* decision.

Date: October 29, 2020

HAGENS BERMAN SOBOL SHAPIRO LLP

By s/ Shana E. Scarlett
  SHANA E. SCARLETT (State Bar No. 217895)

Benjamin Siegel (State Bar No. 256260)
715 Hearst Avenue, Suite 202
Berkeley, CA 94710
Tel: (510) 725-3000
Fax: (510) 725-3001
shanas@hbsslaw.com
bens@hbsslaw.com

Thomas M. Sobol (*pro hac vice* forthcoming)
Abbye R. Klamann Ognibene (State Bar No. 311112)
HAGENS BERMAN SOBOL SHAPIRO LLP
55 Cambridge Parkway, Suite 301
Cambridge, MA 02142
Tel: (617) 482-3700
Fax: (617) 482-3003
tom@hbsslaw.com
abbyeo@hbsslaw.com

Robert F. Lopez (*pro hac vice* forthcoming)
HAGENS BERMAN SOBOL SHAPIRO LLP
1301 Second Avenue, Suite 2000

STATEMENT OF RECENT AUTHORITY
Case No. 3:19-CV-04063-SK
- 1 -

Seattle, WA 98101
Tel: (206) 623-7292
Fax: (206) 623-0594
robl@hbsslaw.com

Aaron Mackey (State Bar No. 286647)
Andrew Crocker (State Bar No. 291596)
Adam D. Schwartz (State Bar No. 309491)
ELECTRONIC FRONTIER FOUNDATION
815 Eddy Street
San Francisco, CA 94109
Tel: (415) 436-9333
Fax: (415) 436-9993
amackey@eff.org
andrew@eff.org
adam@eff.org

*Counsel for Plaintiffs and the Proposed Class*

# ATTACHMENT A

2020 WL 4582687
Only the Westlaw citation is currently available.
United States District Court, S.D. California.

Reyna MCGOVERN, on behalf of herself
and all others similarly situated, Plaintiff,
v.
U.S. BANK N.A., Defendant.

Case No.: 18-CV-1794-CAB-LL
|
Signed 08/10/2020

**Attorneys and Law Firms**

[Annick Marie Persinger](), Tycko & Zavareei LLP, Oakland, CA, [Hassan Ali Zavareei](), Tycko & Zavareei LLP, [Jeffrey Douglas Kaliel](), [Sophia Goren Gold](), Kaliel PLLC, Washington, DC, [Jae Kook Kim](), [Todd D. Carpenter](), Carlson Lynch, LLP, San Diego, CA, for Plaintiff.

[James R. McGuire](), [Lauren L. Erker](), Buckley LLP, [Claire Celeste Bonelli](), [Sarah Nicole Davis](), Morrison & Foerster LLP, San Francisco, CA, for Defendant.

## ORDER GRANTING MOTION FOR RECONSIDERATION

[Cathy Ann Bencivengo](), United States District Judge

**\*1** On January 25, 2019, the Court granted Defendant's motion to compel arbitration of Plaintiff's individual claims. [Doc. No. 28.] In doing so, the Court rejected Plaintiff's arguments that the arbitration provision in the Deposit Account Agreement between Plaintiff and Defendant U.S. Bank, N.A. ("USB") is invalid and unenforceable based on the California Supreme Court's holding in [*McGill v. Citibank, N.A.*, 2 Cal. 5th 945, 216 Cal.Rptr.3d 627, 393 P.3d 85 (2017)](), that waivers of the right to seek public injunctive relief in any forum are unenforceable. In the order compelling arbitration, the court held that: (1) Plaintiff does not seek public injunctive relief in this case; (2) Plaintiff lacks Article III standing to seek public injunctive relief; and (3) and that even if Plaintiff seeks public injunctive relief, the holding in *McGill* is preempted by the Federal Arbitration Act ("FAA").

Plaintiff subsequently filed a motion to certify an interlocutory appeal. [Doc. No. 29.] Defendant opposed that motion, but before the Court issued its ruling, the parties filed a joint motion asking the Court to hold Plaintiff's motion in abeyance until the Ninth Circuit issued its mandate in [*McArdle v. AT&T Mobility LLC*, Ninth Circuit Case No. 17-17246](). [Doc. No. 35.] The Court granted the joint motion in part, denied Plaintiff's motion to certify an interlocutory appeal without prejudice, and stayed the case pending issuance of the mandate in *McArdle*, in which the Ninth Circuit was presented with the question of whether *McGill* is preempted by the FAA. [Doc. No. 37.]

The Ninth Circuit subsequently issued opinions in *McArdle* and [*Blair v. Rent-A-Center, Inc. et al.*](), Ninth Circuit Case No. 17-17221, affirming district court rulings that the *McGill* rule was not preempted by the FAA. In a published opinion in *Blair*, the Ninth Circuit held that "the FAA does not preempt the *McGill* rule." [*Blair v. Rent-A-Ctr., Inc.*, 928 F.3d 819, 831 (9th Cir. 2019)](). Meanwhile, in an unpublished opinion in *McArdle*, the Ninth Circuit held that because *McGill* is not preempted by the FAA:

> the arbitration agreement between AT&T and plaintiff Steven McArdle is null and void in its entirety. Subsection 2.2(6) of the parties' agreement purports to waive McArdle's right to pursue public injunctive relief in any forum and so is unenforceable under California law. *See* [*McGill v. Citibank N.A.*, 2 Cal.5th 945, 216 Cal.Rptr.3d 627, 393 P.3d 85, 94 (2017)](). Subsection 2.2(6) of the agreement continues: "If this specific provision is found to be unenforceable, then the entirety of this arbitration provision shall be null and void."

The text's non-severability clause plainly invalidates the entire arbitration agreement. Contrary to AT&T's assertions, there are no "ambiguities about the scope of [the] arbitration agreement." *See* [*Lamps Plus, Inc. v. Varela*, ––– U.S. ––––, 139 S. Ct. 1407, 1418, 203 L.Ed.2d 636 (2019)]() (citing [*Moses H. Cone Mem'l Hosp. v. Mercury Constr. Corp.*, 460 U.S. 1, 24–25, 103 S.Ct. 927, 74 L.Ed.2d 765 (1983)]()); *see also* [*E.E.O.C v. Waffle House, Inc.*, 534 U.S. 279, 294, 122 S.Ct. 754, 151 L.Ed.2d 755 (2002)]() ("[W]e do not override the clear intent of the parties, or reach a result inconsistent with the plain text of

the contract, simply because the policy favoring arbitration is implicated.").

**\*2** *McArdle v. AT&T Mobility LLC*, 772 F. App'x 575 (9th Cir. 2019), *cert. denied*, No. 19-1078, ––– U.S. ––––, ––– S.Ct. ––––, ––– L.Ed.2d ––––, 2020 WL 2814785 (U.S. June 1, 2020). After the Supreme Court denied the defendant's petition for certiorari, the Ninth Circuit issued its mandate in *McArdle* on June 3, 2020. Plaintiff now moves for reconsideration of this court's order compelling arbitration of her claims.

Upon consideration of the parties' briefs and the Ninth Circuit's holdings in *Blair* and *McArdle*, the motion is granted. The public injunction waiver language in the arbitration provision in Plaintiff's Deposit Account Agreement is encompassed by *McGill*, meaning that the provision is invalid and unenforceable. Further, similar to the provision in *McArdle*, the arbitration section of the Deposit Account Agreement contains an unambiguous non-severability clause stating: "If any provision of this section is ruled invalid or unenforceable, this section shall be rendered null and void in its entirety." [FAC Ex. A at 18-19.] This clause plainly invalidates the entire arbitration agreement section as a result of the invalidity and unenforceability of the public injunction waiver provision therein. [1] *See McArdle*, 772 F. App'x 575.

Accordingly, it is hereby **ORDERED** as follows:

1. Plaintiff's motion for reconsideration [Doc. No. 49] is **GRANTED**;

2. The Court's order compelling arbitration [Doc. No. 28] is **RESCINDED**; and,

3. Defendant's motion to compel arbitration [Doc. No. 17] is **DENIED**.

It is **SO ORDERED**.

**All Citations**

Slip Copy, 2020 WL 4582687

## Footnotes

1     This conclusion does not require reconsideration of the Court's analysis of whether the relief Plaintiff seeks in this case qualifies as "public injunctive relief" or whether Plaintiff has Article III standing to seek "public injunctive relief." Based on the holding in *Blair*, the public injunction waiver provision in the arbitration agreement here is invalid and unenforceable. Based on the holding in *McArdle*, the invalidity of the public injunction waiver provision renders the entire arbitration provision null and void due to the non-severability provision. In light of the binding authority of *Blair*, and the Ninth Circuit's application of that authority in *McArdle*, whether Plaintiff seeks "public injunctive relief" or has standing to do so are irrelevant to the enforceability of the arbitration section of her Deposit Account Agreement.

**End of Document**     © 2020 Thomson Reuters. No claim to original U.S. Government Works.