Shana Scarlett (State Bar No. 217895)
Benjamin Siegel (State Bar No. 256260)
HAGENS BERMAN SOBOL SHAPIRO LLP
715 Hearst Avenue, Suite 202
Berkeley, CA 94710
Tel: (510) 725-3000

Aaron Mackey (State Bar No. 286647)
Andrew Crocker (State Bar No. 291596)
Adam D. Schwartz (State Bar No. 309491)
ELECTRONIC FRONTIER FOUNDATION
815 Eddy Street
San Francisco, CA 94109
Tel: (415) 436-9333

*Attorneys for Plaintiffs and
the Proposed Class*

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| KATHERINE SCOTT, CAROLYN JEWEL, and GEORGE PONTIS, individually and on behalf of all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>AT&T INC.; AT&T SERVICES, INC.; AT&T MOBILITY, LLC; TECHNOCOM CORP.; and ZUMIGO, INC.,<br><br>Defendants. | No. 3:19-cv-04063-SK<br><br>PLAINTIFFS' PARTIAL OPPOSITION TO ADMINISTRATIVE MOTION TO SEAL<br><br>Judge: Hon. Sallie Kim<br>Ctrm: C-15th Floor |

Plaintiffs respectfully oppose, in part, AT&T's request to file a redacted version of Exhibit C to the Declaration of Benjamin Siegel (ECF No. 132), to the extent that AT&T seeks to withhold the identities of third parties that Plaintiffs describe in their complaint and that have already been publicly identified. *See* Declaration of Josh Applebaum ("Applebaum Decl."), ¶ 2 (ECF No. 136) (seeking to seal portions of Exhibit C). Because Plaintiffs, news reports, and the Federal Communications Commission ("FCC") have publicly identified the three entities described on pages 4-5 of Exhibit C, AT&T has not met its burden to show that compelling reasons justify withholding that information from the public.[1]

### I. AT&T Cannot Justify Keeping Under Seal the Names of Three Entities Identified in Exhibit C that Are Publicly Known.

AT&T's request to withhold the identities of three entities to whom it sold customer location data is improper under this Court's sealing rules and the public's presumptive right of access. Sealing is only proper in this Court when a request establishes that "a document, or portions thereof, a privileged, protectable as a trade secret or otherwise entitled to protection under the law." L.R. 79-5(b). "The request must be narrowly tailored to seek sealing only of sealable material." *Id*. And in the Ninth Circuit, the public's presumptive right of access to judicial records concerning dispositive motions can only be overcome upon a showing by a party or the court that compelling reasons, supported by specific factual findings, justify sealing. *Kamakana v. City of Honolulu*, 447 F.3d 1172, 1179 (9th Cir. 2006).

AT&T has not met its burden to show that the entities described in Exhibit C constitute confidential business information or that they should otherwise remain under seal. Applebaum Decl., ¶ 1. It is publicly known that AT&T disclosed location information to each of these three entities, all of whom are identified and discussed at length in Plaintiffs' publicly-filed complaint. Compl. (ECF No. 1), ¶¶ 19-20 (identifying the aggregator entity), 42-58 (describing how AT&T disclosed customer location information through a chain of entities that includes, by name, all three entities

---

[1] Plaintiffs do not oppose AT&T withholding the identities of additional entities that have not previously been publicly disclosed dond are described in the first column of the chart on page 5 of Exhibit C. Similarly, Plaintiffs do not oppose AT&T withholding its internal codes identified in the second column of the same chart.

that AT&T seeks to redact).  Indeed, one of these entities it discussed—and not redacted by AT&T—in footnote 10 of Exhibit C, which cites to and discusses Plaintiffs' allegations concerning that entity in the publicly-filed Complaint. Thus, for this entity, sealing is meaningless, even within Exhibit C. Further, Plaintiffs' discussion in their Complaint of these three entities was based on an investigative report published in the *New York Times* in May 2018. *See* Jennifer Valentino-DeVries, *Service Meant to Monitor Inmates' Calls Could Track You, Too*, N.Y. Times, May 10, 2018.[2] The FCC has similarly described how "AT&T transmitted a customer's location information" to each of the three entities, *and identified them by name*. ECF No. 106-01, ¶ 22. While AT&T sought heavy redactions of the FCC's report, none of these entities is redacted therein. AT&T also specifically disclosed sale of customer location data to these entities in public letters to the FCC and members of Congress, and they are identified in public criminal indictments. *See* Compl., ¶¶ 19 n.7, 46, 58 n.51.

In light of the repeated public identification of the fact that AT&T disclosed customer location information to each of the three entities at issue, AT&T has not established that those entities should be redacted in Exhibit C.  AT&T has not demonstrated compelling reasons to justify withholding this information from the public.  In its sealing request, AT&T states that Exhibit C contains "the identifications of location-based services providers which received information in the past" and that the information "is protected within AT&T and only available to specific employees." Applebaum Decl., ¶ 2.  It further states that it "is the practice of employees who receive these materials or communications to maintain their confidentiality." *Id*. But with respect to the three entities on pages 4-5 of Exhibit C, their identities have been public for more than two years and cannot be considered confidential. And AT&T does not suffer any competitive disadvantage for making these entities public in Exhibit C; competitors have long known that AT&T provided customer location data to those entities. Moreover, AT&T has failed to explain how, despite the previous disclosure of these entities, the disclosure in Exhibit C specifically would cause competitive harm or otherwise justify keeping them under seal.

---

[2] *Available at* https://www.nytimes.com/2018/05/10/technology/cellphone-tracking-law-enforcement.html.

Plaintiffs respectfully request that the Court deny AT&T's sealing request to the extent that it seeks to redact the identities of the three entities listed on pages 4-5 from Exhibit C.

Date: December 15, 2020                HAGENS BERMAN SOBOL SHAPIRO LLP

    s/ *Shana E. Scarlett*
SHANA E. SCARLETT

Benjamin Siegel (State Bar No. 256260)
715 Hearst Avenue, Suite 202
Berkeley, CA 94710
Tel: (510) 725-3000
Fax: (510) 725-3001
shanas@hbsslaw.com
bens@hbsslaw.com

Thomas M. Sobol (*pro hac vice*)
Abbye R. Klamann Ognibene (State Bar No. 311112)
HAGENS BERMAN SOBOL SHAPIRO LLP
55 Cambridge Parkway, Suite 301
Cambridge, MA 02142
Tel: (617) 482-3700
Fax: (617) 482-3003
tom@hbsslaw.com
abbyeo@hbsslaw.com

Aaron Mackey (State Bar No. 286647)
Andrew Crocker (State Bar No. 291596)
Adam D. Schwartz (State Bar No. 309491)
ELECTRONIC FRONTIER FOUNDATION
815 Eddy Street
San Francisco, CA 94109
Tel: (415) 436-9333
Fax: (415) 436-9993
amackey@eff.org
andrew@eff.org
adam@eff.org

*Attorneys for Plaintiffs and the Putative Class*